[Bolling v. Munchus.]

# Bolling *v.* Munchus.

## *Bill in Equity for Foreclosure of Mortgage.*

1. *Foreclosure of mortgage; in what county bill must be filed.*—A bill to foreclose a mortgage on lands must be filed in the county in which the land, or a material part thereof, is situated (Code, § 3760) ; but, where the lands are situated in two counties, and are so described in the mortgage, a bill to foreclose, filed in one of those counties, does not on its face show a want of jurisdiction in the court.

2. *Statute of frauds; how taken advantage of.*—The statute of frauds is a defense which must, generally, be set up by plea or answer ; but, when the bill clearly shows on its face that the contract sought to be enforced is obnoxious to the statute, a demurrer is the more appropriate mode of taking advantage of it.

3. *Same; recital of consideration.*—Under the provisions of the statute of frauds (Code, § 2121), a failure to express the consideration, or, rather, to show the existence of a valuable consideration, is as fatal to the validity of the agreement, as would be the failure to reduce it to writing ; and where the promise is to pay or answer for the past-due debt of another person, it must be shown to be supported by a new and distinct consideration ; but the statute is satisfied, whenever a valuable consideration is expressed, however small or insignificant it may be in point of fact.

4. *Same ; want of consideration, and how shown.*—Under a bill to foreclose a mortgage, which imports a consideration, the statute (Code, § 3035) being equally applicable at law and in equity, the want of consideration is an affirmative defense, the burden of proving which rests on the defendant ; and it must be made by plea or answer, unless the want of consideration clearly appears on the face of the bill.

5. *Same; sufficiency of consideration.*—The recital of the payment of one dollar, the receipt of which is acknowledged, as the consideration of a mortgage, is sufficient to answer the requirements of the statute of frauds, under a bill to foreclose.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. H. AUSTILL.

The original bill in this case was filed on the 1st May, 1876, by Samuel J. Bolling, against James W. Munchus (other parties, plaintiff and defendant, being afterwards brought in by an amended bill) ; and sought the foreclosure of a mortgage, which is sufficiently described in the opinion of the court. The chancellor sustained a demurrer to the bill, and dismissed it ; and his decree is now assigned as error.

WATTS & SONS, for appellant.—A mortgage, like every other written contract, imports a consideration ; and this, by statutory provision, as well as at common law.—Code, § 3055 ; Jones on Mortgages, vol. 1, §§ 613–14, 622 ; *Brooks*

[Bolling v. Munchus.]

*v. Dalrymple,* 12 Allen, Mass. 102 ; *Calkins v. Long,* 22 Barb.
97 : *Farnam v. Burnett,* 21 N. J. Eq. 87 ; *Parker v. Parmele,*
20 Johns. 130 ; *Cowan v. Cooper,* 41 Ala. 187 ; *McGruder v.
Bank,* 18 Ark. 9. The postponement of the debt of J. K.
Munchus, which the mortgage effects, is a sufficient consider-
ation to support it.—*Boyd v. Beck,* 29 Ala. 703 ; *Billingsley v.
Harrell,* 11 Ala. 775. The recital of the payment of one
dollar, the receipt of which is acknowledged, is sufficient to
sustain the mortgage, as a valuable consideration, especially
when not impeached by plea.—*Lawrence v. McAlmont,*
2 Howard, U. S. 426 ; *Whitney v. Stearns,* 16 Maine, 397. In
addition to the delay, and the payment of one dollar in hand,
the mortgage recites "divers other good and sufficient
causes and considerations." The consideration of the mort-
gage, notwithstanding its recitals, may be impeached by
plea ; but, on demurrer, their truth is admitted, and the suf-
ficiency of the recited consideration can not be inquired
into.—*Marshall v. Cobleigh,* 18 N. H. 491 ; *Whitney v. Stearns,*
16 Maine, 396.

HERBERT & BUELL, *contra.*—The statute of frauds requires
every promise or agreement to answer for the debt of an-
other, not only to be in writing, but to express the consider-
ation ; and no action can be maintained upon an agreement
or promise which fails to comply with each requirement.
Code, § 2121 ; *Rigby v. Norwood,* 34 Ala. 129 ; 2 Brickell's.
Digest, 30, § 222. The recital of one dollar paid, as the court
must judicially know, is merely nominal.—*Kinnebrew v.
Kinnebrew,* 35 Ala. 637, and authorities cited. The recital of
" divers other good considerations," &c., is clearly insuf-
ficient, standing alone, and imparts no additional force to
the nominal consideration. The mortgage does not stipulate
for delay to the principal debtor, nor can it so operate. The
mortgagor is not estopped from setting up the statute of
frauds, or the want of consideration.—1 Jones on Mortgages,
§§ 615–16. That the defense was properly made by demur-
rer, see Browne on Stat. Frauds, §§ 509–10 ; Story's Eq. Pl.
§ 446.

BRICKELL, C. J.—The bill is filed to foreclose a mort-
gage on lands and personal property, executed by the
appellee, Munchus, on the 16th day of June, 1868. The
consideration of the mortgage, as therein recited, is, that
Samuel J. Bolling and Ezekiel H. Pickens were liable, by
being the acceptor and indorser of a bill of exchange drawn
by one Joseph K. Munchus, which is described, and was
then past due, "and for divers other good and sufficient

causes and considerations unto me hereunto moving, and for the further consideration that Edward Bowen has assumed the responsibility of said E. H. Pickens, and agreed to hold him harmless against all damages and costs which may or has accrued on account of said bill of exchange; and also for the further consideration of one dollar to me in hand paid, the receipt whereof is hereby acknowledged." The condition of the mortgage is, that if the mortgagor should pay twelve hundred dollars, and costs, of the judgment which had been rendered against the drawer on said bill of exchange, on or before the first day of January, 1869, and the balance on or before the first day of January, 1870, the mortgage should be void. The judgment on the bill of exchange was paid by Bolling and Pickens, the mortgagor making but a small payment thereon. The mortgagor is a non-resident of the State; the lands conveyed, as to which only a foreclosure is sought, are situated in the counties of Crenshaw and Butler; and in the latter county the mortgage was executed and recorded.

The mortgagor demurred to the bill, assigning numerous causes, all of which were removed by amendment, except three : the *first* of which is, that the court was without jurisdiction, because it did not appear, from the allegations of the bill, that a material part of the real estate conveyed by the mortgage was situated in the county of Butler; *second*, that it appears the mortgage was made to secure the past-due debt of a stranger, and there was no expression therein of the consideration of the promise of the mortgagor to pay the debt, which would take the promise without the statute of frauds; *third*, that there was a want of consideration apparent on the face of the bill, and of the mortgage. The first ground of demurrer was not noticed by the chancellor; but the second and third grounds were sustained, and the bill dismissed; and the decree dismissing the bill is now assigned as error.

1. The bill would be subject to demurrer, if it appeared clearly from its averments that no material part of the lands was situate in the county of Butler. Real estate alone is the subject-matter of the suit, and the statute limits the jurisdiction of courts of equity, in the cognizance of such causes, to the court of the county where the same, or a material portion thereof, is situate.—Code of 1876, § 3760. The bill does not distinguish between the parts of the lands which are situate in Butler, and the parts which are situate in Crenshaw county; and it can not be affirmed, therefore, that a material part is not situate in Butler, and the court without jurisdiction. A demurrer can not be made to answer

VOL. LXV.

the purposes of a plea. It must be founded on the matters apparent on the face of the bill; and it must be an absolute, clear proposition, that, taking these matters as true, on a final hearing the bill will be dismissed.—Dan. Ch. Pr. 543. This ground of demurrer ought to have been overruled.

2. The statute of frauds is matter of defense, which must, generally, be insisted on by answer, or by plea.—*Patterson v. Ware*, 10 Ala. 444. But, when it clearly appears, from the averments of the bill, that the contract or agreement sought to be enforced is within the statute, the party to be charged may demur.—1 Dan. Ch. Pr. 561. If this appears, there is no new matter to be introduced by answer or plea; the invalidity of the contract is manifest, and a demurrer is the more appropriate mode of taking advantage of the statute.—*Cozine v. Graham*, 2 Paige, 177; *Walker v. Locke*, 5 Cush. 90; *Randall v. Howard*, 2 Black, U. S. 585.

3. The statute of frauds requires, not only that all agreements which are within its influence shall be in writing, but that the writing shall express the consideration on which they are founded.—Code of 1876, § 2121. The failure to express the consideration, or, rather, a *valuable* consideration, is as fatal to the validity of the agreement, as would be the failure to reduce it to writing.—*Rigby v. Norwood*, 34 Ala. 129.

The promise of the mortgagor seems to be made only in and by the mortgage, and not by any separate instrument, and is a promise to pay or answer for the debt of another past due; and, of course, to support it, there must be a new and distinct consideration; and it is this the statute requires shall be expressed in the writing—not with precision or certainty; not the whole of the consideration; but a valuable consideration, or the fact that such consideration exists. The statute is satisfied, whenever it appears, on the face of the instrument showing the agreement, that there is a valuable consideration.—*Miller v. Cook*, 23 N. Y. 495; *Watson v. McLaren*, 19 Wend. 557; *Douglass v. Howland*, 24 Wend. 35. It is not an *adequate*, but a *valuable* consideration, which must be expressed. Any benefit resulting to the party promising, or detriment to the party to whom the promise is made, is sufficient, however slight, or insignificant, it may seem to be in point of fact. The adequacy or sufficiency of a consideration to support a contract, rests in the judgment of the parties; and if, in contemplation of law, it is of any value, in the absence of fraud or duress, the contract will be enforced.—1 Chit. Con. 28—32. This case is precisely analogous to that of *Lawrence v. McCalmont*, 2 How. (U. S.) 426, to which we will hereafter refer, in which a considera-

(36)

[Bolling v. Munchus.]

tion expressed of one dollar as paid, was held sufficient to support a guaranty for £10,000. The promise of the mortgagor, as expressed in the mortgage, discloses a. valuable consideration, and it is not offensive to the statute of frauds.

4. The statute declares, that every contract in writing, the foundation of suit, is evidence of the existence of the debt, or that the party undertook to perform the duty for which it was given, and that it was made on sufficient consideration ; but may be impeached by plea, and, when so impeached, the burden of proof is on the defendant.—Code of 1876, § 3035. The rules of evidence are the same in courts of law and equity, and this statute is as applicable, and of the same operation, in the one court, as in the other.—*Holman v. Bank of Norfolk*, 12 Ala. 412–30. On a bill to foreclose, the mortgagor can make any defense (with the exception of the statute of limitations), which would be available to him in an action at law for the recovery of the mortgage debt ; for, in its essence, the suit here, terminating in a decree for a sale of the premises to pay the debt, is for the recovery of the debt. Duress, fraud, illegality, want or failure of a consideration, are as good defenses as they would be in a court of law, in an action on the debt. 1 Jones' Mort. 610–16. The want of consideration is an affirmative defense, the burden of proving which rests on the party affirming it. The mortgage, of itself, imports a consideration ; and of consequence, unless it clearly appeared from the bill that it was without consideration, the want of consideration would be new matter, which must be introduced by the answer, or by plea. In the absence of its introduction by plea or answer, the mortgage imports—is evidence of—a sufficient consideration ; and a demurrer for want of consideration could not be sustained.

5. But we do not intend dwelling upon this aspect of the question now presented ; for, in our judgment, an adequate and valuable consideration is expressed in the mortgage, rendering it obligatory on the mortgagor. We may pass over all other considerations which are recited in the mortgage, than that of one dollar, the receipt of which is acknowledged by the mortgagor. It is an elementary principle of the law of contracts, applicable to every form of contract, and in all courts, that if a consideration is *valuable*, it need not be *adequate*. There can be no inquiry into, and no adjustment of the value of the consideration, in the absence of duress, or of fraud, or of some confidential relation existing between the parties.—1 Pars. Con. 436 ; 1 Chit. Con. 28–32. Of course, we are not speaking of cases in which a court of equity is called to decree the specific performance of an

agreement, founded on an unreasonable or an unconscionable consideration; or to compel the execution of trusts. As was said by C. J. WALKER, in *Kinnebrew v. Kinnebrew*, 35 Ala. 637, cases of this class are "not at war with the principle, that the smallest actual consideration, of benefit to the promisor, is sufficient to support a promise." Parties, not under legal disability, not subjected to duress, or fraud, or undue influence, must be left free to determine for themselves the adequacy of the consideration upon which dispositions of property may be made, and whether their bargains and contracts are discreet, profitable, or unprofitable.—*Judge v. Wilkins*, 19 Ala. 765. The law is satisfied, whenever there is a valuable consideration, supporting an executory contract the promisor is required to perform. And if there be no fraud, or imposition, the least consideration will support a contract deliberately made, with full knowledge of all the circumstances.—*Train v. Gold*, 5 Pick. 380; *Hubbard v. Coolidge*, 1 Metc. 93; *Brooks v. Haigh*, 10 Ad. & Ell. 309; *Dutchman v. Tooth*, 5 Bing. N. C. 577.

In *Lawrence v. McCalmont, supra*, said Judge STORY: "'The guarantor acknowledged the consideration of the one dollar, and is now estopped to deny it. If she has not received it, she would now be entitled to recover it. A valuable consideration, however small or nominal, if given or stipulated for in good faith, is, in the absence of fraud, sufficient to support an action on any parol contract; and this is equally true as to contracts of guaranty, as to other contracts. A stipulation in consideration of one dollar is just as effectual and valuable consideration as a larger sum stipulated for or paid." In an action at law on the promise to pay the judgment rendered on the bill of exchange, the promise, being founded on this consideration, would be upheld and enforced. A debt is created; and it is the debt which, in a court of equity, is the substantial consideration of a mortgage. The debt is the principal—the mortgage its incident.

The demurrer was not well taken, and ought to have been overruled. The decree of the chancellor is reversed, and a decree here rendered, overruling the demurrer, and remanding the cause.