# Home Protection of North Ala. *v.* Richards & Sons.

## *Action on Policy of Fire Insurance.*

1. *Constitutional provisions as to actions against corporations; where corporation may be sued.*—The constitutional provision which declares that corporations "shall have the right to sue, and shall be subject to be sued, in all courts, in like cases as natural persons" (Art. xiv, § 12), forbids the imposition of arbitrary, unjust and odious discriminations against them, under the form or guise of laws regulating judicial procedure; but it has no reference to the venue in civil actions, which belongs only to the remedy or form of procedure; and it does not inhibit the passage of a general law authorizing a corporation to be sued in any county in which it transacts business through its agents, though an individual citizen can only be sued in the county of his residence. On the contrary, such a law is based on sound reasons, growing out of the difference between natural and artificial persons, does not violate the essential principles of justice, and does not establish an unjust or unreasonable discrimination against corporations.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

This action was brought by the appellees, suing as partners, against the appellant, a domestic corporation; was founded on a policy of insurance on a quantity of "ties," which the plaintiffs had effected with the defendant corporation, against loss or damage by fire; and was commenced on the 22d Feb-

ruary, 1883. The defendant filed a plea in abatement, duly verified by affidavit, averring that it was a freeholder and had a permanent residence in Madison county, and was not subject to be sued in any other county. The court sustained a demurrer to this plea, and its judgment is now assigned as error.

OVERALL & BESTOR, for appellant.

J. L. & G. L. SMITH, *contra.*

SOMERVILLE, J.—Section 2928 of the present Code of Alabama provides, that "No *freeholder* nor *householder* of this State, having a *permanent residence* within it, must be sued out of the county of his residence." The only exception relates to suits for the recovery of real property, or trespasses upon realty. It is declared that "any summons, issuing contrary to the provisions of this section, must be *abated* on the plea of the defendant."—Code 1876, § 2928.

A different rule is, however, prescribed for the *venue* of suits against *corporations.* The act of the General Assembly, approved February 13th, 1879, provides, that "suits against any corporation, foreign or domestic, may be brought in *any county* in this State in which such corporation *does business by agents.*" Acts 1878–79, p. 197.

The question presented for our consideration in this case is the constitutional validity of this act. The appellant is a domestic corporation, chartered under the laws of Alabama; is a freeholder, with its chief place of business in the county of Madison, and claims to have "a permanent residence" in the latter county, within the meaning of the statute. It does business by agents, however, in the county of Mobile, where the present suit was instituted against it under the provisions of the act of February, 1879. A plea in abatement, setting out these facts, was filed in the court below, to which a demurrer was sustained by the presiding judge. The only error assigned is the sustaining of this demurrer.

The contention is, that the General Assembly is forbidden by the constitution from prescribing different rules of civil procedure for domestic corporations and for natural persons; that these two classes of persons must be placed on terms of perfect equality, as to all civil procedure in the State courts. The clause of the constitution which is invoked as conferring this right is section 12 of Art. XIV of the constitution of 1875, which is as follows: "All corporations shall have the right to sue, and shall be *subject to be sued,* in all courts, *in like cases as natural persons.*"

It is one of the common-law incidents of a corporation, that

it has "the capacity of suing and being sued the same as a natural person;" and this power is usually so specified in corporate charters granted by legislative acts.—Field on Corp. § 360. In *South & North Ala. R. R. Co. v. Morris*, 65 Ala. 193, where we carefully considered this section of the constitution, in connection with several other clauses bearing on the subject of the relative rights of corporations and natural persons, we said, that the clear legal effect of these provisions was to place them, "as nearly as practicable, upon a basis of equality in the enforcement and defense of their rights in courts of justice in this State, except so far as may be otherwise provided in the constitution." We added, that "this right, though *subject to legislative regulation*, can not be impaired or destroyed under the guise or device of being regulated;" and we construed the free exercise of this constitutional right as'thus conferred, to forbid "the imposition of arbitrary, unjust and odious discriminations," against either the one or the other of these classes of persons. We adhere to the views expressed in that case, as a proper exposition of these constitutional provisions.

The chief point of inquiry seems to be, is the act under consideration, which prescribes a rule of *venue* for corporations different from that prescribed for natural persons, a reasonable regulation of a constitutional right, based on an essential difference in the legal nature of persons corporate and persons natural; or, is it a mere arbitrary rule, unjustly discriminating against corporations, in violation of a certain equality before the law intended to be conferred, as far as practicable, by the constitution? It is plain that there are various manifest distinctions between natural persons, or human beings, and corporations, which afford great latitude for the exercise of legislative discretion in fixing the rules of procedure by which they are necessarily to be governed in civil suits and the service of process. A natural person possesses an actual corporeal existence, and can exercise many civil rights which can not be an attribute of corporations. Such a one may have a visible habitation, and, while he may have more than one residence, he can have but one domicile, or fixed place of abode, depending upon both fact and intent, which together determine the question of domicile.—2 Parsons Contr. 579. In general terms, it has been said, that "one may be designated as an inhabitant of that place which constitutes the principal seat of his residence, of his business, pursuits, connections, attachments, and of his political and municipal relations."—*Lyman v. Fiske*, 17 Pick. (Mass.) 231. There are many forcible reasons, rendering it proper that a natural person should be sued in the county of his permanent residence, which have no application to corporations. The State exacts of him many personal duties, the exercise of which

would be greatly interfered with, if he were frequently required to leave his domicile, to engage in litigation. Among these are the duty of serving on juries, grand and petty, road duty, the privilege of voting at elections, Federal, State and municipal, to say nothing of others of less importance. A body corporate, on the contrary, is incorporeal and intangible in its nature. It is a mere legal entity, or imaginary person. Having no bodily existence, it can have no *actual* residence. Its place of residence is, in the nature of things, only *constructive*, and is determined rather upon principles of legal necessity, analogy and convenience, than upon any other theory. The courts have, therefore, differed in their views as to the place where a corporation should be held to reside.— *Wood v. Hartford Fire Ins. Co.*, 33 Amer. Dec. 399, NOTE. All concur in the recognized difference between foreign and domestic corporations, and that the former are non-residents, and that the latter are to be considered as residents, and, for some purposes, citizens of the State by which they are created, or chartered.—Field on Corp. § 363–366; 1 Parsons Contr. 139.

In the absence of any rule prescribed by the legislature, the prevailing rule would seem to be, that the residence of a corporation, for the purpose of laying the *venue*, would be the county of its principal office or place of transacting business, depending not upon the habitation of the members or stockholders, but on what has been aptly termed "the official exhibition of legal and local existence."—Ang. & Ames Corp. § 107; 2 Redf. Railw. (5th Ed.) 420, note 14; *Thom v. Cen. R. R. Co.*, 2 Dutch. 121; Field on Corp. § 517. In the case of railroad companies, it has been said, that this rule must be limited to the range of the company's legally defined route.—*C. & P. R. R. Co. v. Cooper*, 30 Vt. 476. There are a number of well considered cases opposed to this view, however. In *Pond v. The Hudson River R. R. Co.*, 17 (N. Y.) How. Pr. 545, while the general rule is recognized, that the place of residence of a domestic corporation is usually ascertained by its place of business, it is held that, if a corporation have several places of business, it must also be deemed to have several places of residence. In *Glaize v. So. Ca. R. R. Co.*, 1 Strob. L. Rep. 70, it was held, that while a corporation might have a constructive residence, so as to be charged with taxes and duties, its legal residence extended throughout the territorial limits of the State which granted its charter. It was said, that the "residence of the company, if a local residence can be affirmed of it, is most obviously where it is actively present in the operation of its enterprise." So, in *Raymond v. The City of Lowell*, 6 Cush. (Mass.) 524, it was decided that, unless prohibited by statute, a municipal or other corporation could be sued in any county in

the commonwealth. In *Wood v. Hartford Ins. Co.* (13 Conn. 202), 33 Amer. Dec. 395, it was said, "A corporation is a mere ideal existence, subsisting only in contemplation of law; an invisible being, which can have, in fact, no locality, and can occupy no space, and therefore can not have a dwelling-place." In *Hartford Fire Ins. Co. v. Town of Hartford*, 3 Conn. 15, the same court had said: "An inhabitant necessarily implies a habitation. It requires no reflection to determine, that in this sense a corporation resides nowhere." These cases are cited, not for approval, but only to illustrate the forcible reasons which have induced respectable courts to differ upon the question under consideration. So, the rule of the common law was, that the *venue* in transitory actions was never material, except when made so by particular acts of parliament.—1 Tidd's Prac. 427–8.

It is not clear that the framers of the constitution had any reference to the *venue* of civil actions, in framing the clause of that instrument under consideration. It is a general rule, that no one has any vested right to any particular remedy or form of procedure, and that the matter of *venue* belongs to the procedure or remedy, and is no part of the right itself. The act of February 13th, 1879, the constitutionality of which is assailed by the appellant, is intended only to regulate civil procedure, and does not, in our judgment, appear to be such an unreasonable discrimination as that we can pronounce it to be arbitrary, capricious, or without the semblance of reason. Unless this be true, there is usually no other limitation upon the authority of the law-making power, in the exercise of its discretion as to classification of persons, and the shaping of remedies so as to adapt them to the inherent nature of the subject-matter of legislation, in the infinitude of their changing variety.—*State, ex rel. Moog v. Randolph*, at last term. There is no objection that such legislation, by operating upon the remedy, seriously impairs any legal right of the appellant. The basis of the whole objection urged is, that the intention of the constitution is to confer equality as to remedies and remedial rights, and that the present discrimination is an arbitrary violation of this equality. We do not so regard it. There can be nothing arbitrary which is based upon sound reason, and does not violate the essential principles of justice. The act in question declares the residence of corporations to be in any county where they do business by agents, at least for the purpose of suit. As a corporation can manifest its existence in no other way than by the acts of its officers and agents, we are not prepared to say that the General Assembly is forbidden by any thing in the constitution to declare such a rule of civil procedure.

The judgment is affirmed.