# Rasberry v. Pulliam.

*Action on Promissory Note.*

78　191
f127　64

1. *Action on account for price of liquors sold; production of license.* Under the statute which declares that "no person must obtain a judgment upon any account, any item of which is for vinous or spirituous liquors in less quantities than a quart, without producing to the court a license showing his authority to retail at the date of such item" (Code, § 1546); the defendant may waive the benefit of this defense, and when it is waived, a judgment rendered on such account, without the production of the license, is not void.

2. *Same; when statute must be pleaded; burden of proof.*—When the action is founded on a note, which does not disclose that any part of the consideration is the price of such liquors, the statute must be specially pleaded, and is not available under the plea of want of consideration, or failure of consideration; but the plea, though asserting a sale of spirituous liquors by retail without license, does not impose on the defendant the burden of proving the want of license.

3. *Same; evidence as to consideration of note or account.*—The action being on a note, and the plaintiff's itemized account, for which it was

[Rasberry v. Pulliam.]

given, being excluded as evidence, on the defendant's objection, because of the items of spirituous liquors, the defendant can not use those items as evidence showing the consideration of the note; but the plaintiff testifying as a witness for himself, to the sale of goods and merchandise, as the consideration for the note, the defendant may cross-examine him as to the particular items.

APPEAL from Tallapoosa Circuit Court.

Tried before the Hon. JAS. E. COBB.

This action was commenced before a justice of the peace, to recover the amount of a note given the plaintiff by the defendant. On appeal to the Circuit Court, a complaint was filed, declaring on the note, and containing the common counts. The defendant pleaded *non assumpsit*, payment, set-off, failure of consideration, and want of consideration; and the cause was tried on issue joined on these pleas. On the trial, the plaintiff introduced the note sued on, and testified that it was made in consideration of advances which he promised to make to the defendant at the time the note was executed; also, that he had sold and delivered to the defendant certain articles of goods and merchandise, as shown by an itemized account which he produced, and which had been delivered to defendant. It appeared that there were several items in the account for spirituous liquors in quantities less than one quart. It was also proved that the account was the consideration of the note sued on. The defendant then moved to exclude this evidence, and the account, because the plaintiff had failed to produce any license to sell spirituous liquors in Tallapoosa county, in which the account was made. The court sustained the objection, and excluded the evidence and the account from the jury. The plaintiff then testified, that he did, during the year, advance, sell and deliver to the defendant goods to the amount of the note, as the same were required by the defendant. To this evidence the defendant objected, because the plaintiff had not proved the items of the account of the goods as sold; his objection was overruled, and he excepted. The defendant then moved the court to exclude the note from the jury, which motion was refused, and he excepted. The defendant then offered to select from the account, which had been excluded on his motion, certain items of spirituous liquors in quantities less than one quart, and to give in evidence these selected items, for the purpose of showing that a part of the account which was the consideration of the note was for spirituous liquors sold in quantities less than one quart. The plaintiff objected, unless the defendant would allow the whole account to go to the jury; which he refused to do. The court thereupon sustained the objection, and the defendant excepted. The defendant then offered a receipt, which was attached to, and written at the

[Rasberry v. Pulliam.]

bottom of the account. He offered the receipt detached from the account, and without any explanation of the circumstances under which it was given. The court excluded the receipt as evidence, and the defendant excepted. There was evidence of certain payments on said note, which was admitted by plaintiff. This was all the evidence. The court, at the request of the plaintiff, charged the jury, that if they believed all the evidence, they would find for the plaintiff, for the amount due on the note, after deducting credits admitted by the plaintiff and shown by the evidence. To the giving of this charge the defendant excepted.

The various rulings of the court to which exceptions were reserved, are now assigned as error.

JOHN A. TERRELL, for appellant.

W. H. BARNES, contra.

CLOPTON, J.—Section 1546 of the Code provides : "No person must obtain a judgment in any court of this State, upon any account, any item of which is for vinous or spirituous liquors in less quantities than one quart, without producing to the court a license showing his authority to retail at the date of such item." A judgment rendered on such account, without the production of a license, is not void ; but, like other judgments, is conclusive of the rights of the parties—that the money is due by the defendant to the plaintiff. The statute gives the defendant matter of defense, which he may waive, if he chooses. When the suit is on a note not disclosing the consideration, the defense must be made by special plea, and without such special plea is considered as waived. Although such plea necessarily asserts a negative—want of license—it is not incumbent on the defendant to prove it ; but, it being made to appear that an item of the account, for which the note was given, is for vinous or spirituous liquor in less quantity than a quart, the burden is cast on the plaintiff to produce to the court a license, showing his authority to retail at the date of the item. No special plea, setting up the defense of the statute, was filed by the defendant. Pleas of want of consideration, and of failure of consideration, do not present the defense of the illegality of one or more items of the account.

After the plaintiff had introduced the note declared on, he offered an itemized account, for which the note was given, some of the items of which were for spirituous liquors in less quantities than a quart. To the introduction of the account the defendant objected, and moved to exclude it from the jury. His objection was sustained, and the account excluded. After

13

the account was excluded on the objection and motion of the defendant, and was not before the court, it was not permissible for him to select items of the account, and put them in evidence as the consideration of the note. The account was admissible, as an admission by plaintiff of the consideration of the note; but it must be taken all together. When the plaintiff testified that the note was given in consideration of goods to be advanced in future, and that he had advanced goods and merchandise to the amount of the note, the defendant could, on cross-examination, have called for the items, and thus have gotten them before the court; but this was not done.

The defendant did not propose to show that the account, to which the receipt was attached, and at the foot of which it was written, entered into the consideration of the note, or was a payment thereon. The only purpose for offering the receipt was to obtain a credit for the amount. Without evidence connecting it in some way with the note, either as a payment thereon, or payment for some of the merchandise for which the note was given, it was irrelevant. No court will permit a defendant to detach, in its presence, a receipt from an account, for the payment of which it was given, and introduce it, thus detached, as evidence of a payment on another and different claim, without any explanation of the circumstances under which the receipt was given.

The note and the admitted payments being the only evidence, there is no error in the charge of the court.

Affirmed.

## *Action on Promissory Note.*

