# Nelms *v.* Edinburg American Land Mortgage Co.

*Bill in Equity for Foreclosure of Mortgage.*

| | |
|---|---|
| 92 | 157 |
| 92 | 176 |
| 92 | 178 |
| 92 | 157 |
| 95 | 322 |
| 92 | 157 |
| 99 | 432 |
| 92 | 157 |
| 100 | 498 |
| 100 | 531 |
| 101 | 366 |
| 92 | 157 |
| 103 | 377 |
| 92 | 157 |
| 108 | 460 |
| 92 | 157 |
| e121 | 395 |
| 122 | 528 |
| 92 | 157 |
| 140 | 247 |

1. *Foreign corporations, under constitutional provisions.*—In the matter of contracts, corporations are not citizens within the provision of the Federal Constitution which declares, "The citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States," but are dependent on State laws for the privilege of doing business within its limits; yet the contracts of a foreign corporation with a citizen are subject to the constitutional power of Congress to regulate commerce among the several States, and contracts within the scope of that power are not subject to restrictions imposed by State laws.

2. *Same.*—A loan of money by a foreign corporation, to a citizen of Alabama, is not a matter of inter-state commerce, but is subject to the restrictions imposed on foreign corporations by the laws of Alabama.

3. *Same; resident agent, and known place of business.*—The constitutional provision which prohibits any foreign corporation to do any business in Alabama, without having a resident agent and known place of business here, has no reference to the extent of the agent's authority, but is only intended to provide for the institution of suits and the service of process.

4. *Same; averments of bill, as showing validity of contract.*—When a foreign corporation files a bill to foreclose a mortgage given for money loaned, averring a compliance with constitutional and statutory provisions as to a resident agent and known place of business, it is not necessary that the bill should also allege the corporation's power to lend money. (*Christian v. Amer. F. L. Mortgage Co.*, 89 Ala. 198, and *Farrior v. N. E. Mortgage Security Co.*, 88 Ala. 275, commented on, and the court declared to be divided as to their correctness on the question of pleading involved.)

Appeal from the Chancery Court of Perry.
Heard before the Hon. Wm. H. Tayloe.

J. C. Richardson, for appellant, contended, (1) that the complainant must state in its bill every fact essential to its right to maintain the bill and to obtain the relief therein sought; and cited, *Christian v. Amer. Freeh. Mortg. Co.*, 89 Ala. 198; *Farrior v. New Eng. Mortg. Sec. Co.*, 88 Ala. 275; *Jones v.*

*Latham*, 70 Ala. 167 ; *Seals v. Robinson*, 75 Ala. 368 ; *Chandler v. Hanna*, 73 Ala. 393 ; *Duckworth v. Duckworth*, 35 Ala. 70 ; 1 Dan. Chanc. Prac. 361–372. (2.) The agent that § 4, Art. XIV of the Constitution requires of a foreign corporation is an agent authorized to exercise or perform some powers or functions of the corporation which such agent represents. (3.) A corporation seeking the assistance of the law must show a right to the court which the law can enforce or redress. In support of the 2d and 3d propositions the following authorities were cited : *Pullam v. State*, 78 Ala. 34 : *Rex v. Christian*, L. R. 2 C. C. 74; *Rex v. Brownlow*, 39 L. T. N. S. 479 ; *Rex v. Breden*, 15 Cox, C. C. 412 ; Constitution of Alabama, Art. IV, Sec. 14 ; 82 Ala. 537 ; 76 Ala. 388, 441 ; 84 Ala. 105 ; 66 Am. Decisions, 121 ; 88 Am. Decisions, 226 ; 53 Am. Decisions, 742 ; 54 Am. Decisions, 523 ; Constitution of Ala. Sec. 5, Art. XIV ; 3 Am. State Rep. 493 ; 2 Am. State Rep. 135 ; 41 Ala. 536 ; 83 Ala. 117 ; 76 Ala. 573, 579 ; 47 Am. Decisions, 129 ; 13 Peters, 587 ; 36 Ala. 313 ; 31 Ala. 76 ; 2 Morawetz on Corp. Sec. 963, Note, 1 ; 96 Am. Decisions, 331, Note and 747 ; 56 Ala. 468 ; 72 Ala. 559.

PETTUS & PETTUS, *contra.*

COLEMAN, J.—The bill was filed by appellee, a foreign corporation, to foreclose a mortgage given to secure a loan of money. Appellants demurred to the bill, and the grounds of demurrer are, 1st, that the bill fails to sufficiently aver facts to show that the "agent designated" had authority to exercise or perform any of the corporate functions or powers of the corporation ; and 2nd for that the bill fails to show that the corporation, by its charter, was authorized to engage in the business of loaning money, and securing the same by taking mortgages on land in Alabama.

There are several assignment of grounds of demurrers intended to raise, in different ways, the same principle. Appellant's contention is. that under the influence of the principle declared in *Christian v. Amer. Freehold Land Mortgage Co.*, 89 Ala. 198, a foreign corporation is required to aver in the pleadings every fact essential to show it had the power and right to make the contract sought to be enforced, and to maintain the bill.

A corporation has been declared to be a mere legal entity, without bodily existence or actual residence. The act of February 13, 1879, now § 2642 of the Code of 1886, declared the residence of corporations to be in any county where they do

[Nelms v. Edinburg American Land Mortgage Co.]

business, at least for the purposes of suit.—*Home Protection of N. Alabama v. Richards & Sons*, 74 Ala. 470.

In creating domestic corporations, the State, through the Legislature, had full authority to subject it to such restrictions and liabilities within constitutional bounds, as the public interest required. Foreign corporations are essentially non-residents. Suits against non-residents are sometimes attended with inconvenience, difficulties and expense, and judgments rendered are not always absolute. Service by publication only, may be sufficient to authorize judgment and condemnation, when the proceedings are *in rem*, and for all purposes, within the jurisdiction of the State; but such judgments rendered in cases where the court did not have jurisdiction of the person, are not conclusive as personal judgments beyond the jurisdiction of the State.

Corporations are not citizens within the meaning of the Constitution of the United States, which accorded to them the privileges and immunities of citizens in the several States; and it is accepted law, that the several States have the power and authority to prescribe the terms, places and conditions upon which foreign corporations may do business within their respective limits; and to provide for the securities of its own citizens in transactions with foreign corporations.—*Paul v. Virginius*, 8 Wal. 168, 181.

Article xiv, § 4, of the Constitution, which declares that "No foreign corporation shall do any business, in this State without having at least one known place of business. and an authorized agent or agents therein;" was intended to require foreign corporations to have a "legal and local existence" in the State, which should be "officially exhibited " and acknowledged as such, by having a "known place of business and an authorized agent ar agents therein." The provision of the Constitution was not intended to require of the foreign corporation that no business should be transacted with it, except only at the one known place of business, and through such authorized agent therein; for, after providing that it should have one known place of business and an agent therein, the same section further provides, "that such corporation may be sued in any county where it does business by service of process upon an agent any where in this State. Service of process is not limited to the agent "therein," designated at the known place of business; but may be upon an agent any where in the State; neither did the law intend to require that every "company or corporation not organized under the laws of Alabama," should have a branch enterprise of its business at the "one known designated place."

As to what is "a known place of business" within the meaning of the Constitution is not raised by the demurrer, and will not be considered, further than to refer to the case of the *New England Mortgage Sec. Co. v. Ingram*, 91 Ala. 337, and delivered at the same time with this opinion. where this question has been considered and adjudicated. When the known place of business is designated, the corporation has a "legal and local existence" in the State, and for the purposes of suits is placed upon the same footing as domestic corporations. The act of the legislature of February, 1886--7, p. 102. requires every foreign corporation "to officially designate one known place of business, and an authorized agent or agents thereat to be filed in the office of the Secretary of State at Montgomery." Until this act became a law, there was no legally declared rule by which the "known place of business," and "authorized agent" could be ascertained. When the statute has been complied with by the foreign corporation in this respect, both place and agent may be known, and any person wishing to sue in any county in the State may know where to have process and service personally executed upon the foreign corporation, and a judgment recovered upon such service will be valid for all purposes as if against a resident citizen or domestic corporation. An agent, within the meaning of the Constitution is not one, who has authority to bind the corporation by contract generally. The general rule that he who deals with an agent does so at his peril continues in force and applies, and the parties having business transaction with the foreign corporation, through an agent, are bound to know the extent of the agent's authority. If such agent, by virtue of his appointment under the statute, can bind the corporation at all, then his authority is general and absolute for all purposes. There is no limitation upon his power in the Constitution and statute. We hold, therefore, that the provision of the Constitution, requiring foreign corporations to have a known place of business, and an authorized agent, has no scope or purpose, other than to provide for the bringing of suits, and recovery of judgments, as if they were resident or domestic corporations.

The agent appointed in compliance with the constitutional and statutory provisions may not be authorized by the corporation to do any act, or to transact any business, to promote or carry on the business of the company, and yet, be an agent within the meaning of the law. This view of the law is fully borne out by the act of the legislature (Acts of 1886–7, p. 103, sec. 3), which enacts "that it shall not be lawful for any person to act as agent or transact any business directly or indi-

rectly for or on behalf of such corporation, until such corporation has fully complied with the requirements of this act." Whether the act of the legislature, so far as it undertakes to impose this condition upon "companies," other than foreign corporations, is without constitutional authority, and therefore void, is not adjudicated. The constitutional provision and the act of the legislature can not be given a literal construction without rendering them obnoxious to the Constitution of the United States. Only Congress has the power to regulate inter-States commerce. A foreign company or corporation has the right by its agents to sell articles of commerce any where in this State, and ship them to the purchasers, and any attempt to interfere with such business would be an interference with inter-State commerce.—*Robbins v. Shelby Co.*, 120 U. S. 489; 59 Amer. Rep. 267; *Robert Y. Ware, jr., v. Hamilton Brown Shoe Co.*, *supra*, and authorities cited.

Money is not a commodity of barter and sale; or to be put up and sold after being shipped, and the loaning of money by foreign corporations, engaged in that business, is not a matter of inter-State commerce, and may be subjected to the conditions imposed by the Constitution. That question is not directly raised, and we refer to the pinciple merely to show that the words of the Constitution literally applied and enforced would interfere in many cases with inter-State commerce. Under the foregoing principles of law, the first ground of demurrer is insufficient. The other assignments of demurrer involve but one and the same principle.

It is contended that as a corporation can do no business not authorized by its charter, under the influence of the authority of *Christian v. Amer. Freehold Land Co.*, 89 Ala. 198, plaintiffs must aver every material fact necessary to authorize relief, and construing the pleadings most strongly against the pleader, the bill fails to show that the plaintiff as a corporation had authority to engage in the business of loaning money.

Neither the Constitution nor the act of the legislature was intended to alter or affect settled principles of pleadings. The mere bringing of suit is not doing business within the prohibition of the statute, and by our law, all corporations, whether domestic or foreign, have the same right to sue as natural persons, subject to and entitled to the same rules and advantages of pleadings, and this is given to them by the Constitution and laws of the State.—74 Ala. 476. Whenever the facts averred in a complaint or bill in equity show a contract, which *prima facie* gives a legal and good cause of action to plaintiff, and it requires evidence on the part of the defendant to show that the plaintiff is under a pesonal disability to maintain the

11

action, or that the plaintiff, whether a person or corporation, was under a legal disability to make the contract, the disability not arising out of the contract itself, but only attaching to the person who made it, or that the contract was made on a *dies non juridicus*, such defense is available only by plea or answer, and can not be raised by demurrer. The law does not and was not intended to prohibit the loaning of money in this State by foreign corporations, and such a contract can not be declared invalid for the reason, that the loan was made by a foreign corporation; but if invalid at all, it must be because of a failure to comply with the law which requires foreign corporations in this State to designate a known place of business and an authorized agent before doing business. The invariable rule of practice recognized and followed in this State has been, that when the contract was founded on a consideration prohibited by statute, or made on a day *dies non juridicus*, or plaintiffs were under a personal disability to make the contract, or to sue, and this did not appear from the contract, or averments in the complaint, the defense must be made by plea and evidence and never by a demurrer. See the following authorities: *Boulware v. Davis*, 90 Ala. 207; *Dudley v. Collier,* 87 Ala. 431; *Harrison v. Jones*, 80 Ala. 412; *Rasberry v. Pulliam*, 78 Ala. 191; *Bolling v. Munchus*, 65 Ala. 560; *Renfro v. Loyd*, 64 Ala. 94; *Ware v. Jones*, 61 Ala. 295; *Woods v. Armstrong*, 54 Ala. 150; *Walker v. Gregory*, 36 Ala. 180; *Milton v. Haden*, 32 Ala. 36; *Gunter v. Lecky*, 30 Ala. 591; *Saltmarsh v. Tuthill*, 13 Ala. 406; *Dodson v. Harris*, 10 Ala. 566; *Shippy v. Eastwood*, 9 Ala. 198; *McGee v. Lindsay*, 6 Ala. 16; *O'Donnell v. Sweeny*, 5 Ala. 468.

Illegality in a transaction is never presumed. On the contrary, "every thing is presumed to have been legally done, till the contrary is proven."—1 Chit. Pl., §§ 220–21. Unless the disability of the plaintiff to maintain the bill is apparent upon the face of the bill, it is not the subject of a demurrer, but of a plea.—Story Eq. Pl., §§ 493–94, 722.

The legal proposition involved is, whether, when the pleadings show the contract was made in this State by a foreign corporation, the law raises the presumption, that it was made in violation of the statute, or will the law presume that the parties complied with the statute. Unless the former presumption arises, a demurrer will not lie.

Suppose, instead of filing a bill in the Chancery Court, the plaintiffs had sued in a court of common law, and had declared upon the promissory note, in the usual form of declarations upon promissory notes. Could it be contended, that the complaint would have been subject to demurrer? And suppose,

[American Freehold Land Mortgage Co. v. Sewell.]

further, that upon such complaint a judgment by default had been taken and entered up, would any court presume from the pleadings, that the contract was founded upon an illegal consideration, or that the plaintiff was not authorized to sue, and upon such presumption declare the judgment *prima facie* invalid? Clearly not, and yet this is the legitimate result of holding that a bill is subject to demurrer, which fails to aver affirmatively a compliance with the statute. See the foregoing authority, and especially 65 Ala. 561–2, *supra*, and Dan. Ch. Prac., 543, 561, as to the purposes and effect of a demurrer.

Some members of the court are of opinion that the rule declared in the cases of *Christian v. Amer. Freehold Land Mort. Co.*, 89 Ala., and *Farrior v. New Eng. Mort. Sec. Co.*, 88 Ala., *supra*, is not inconsistent with the foregoing authorities, and that the cases are distinguishable. The writer of this opinion concurred in by other members of the court, entertain a different view; and are of opinion that the rule declared in 88 Ala. and 89 Ala., *supra*, is a departure from the principles of pleadings as held in the authorities cited; and to this extent dissent from those later decisions, and adhere to the rule declared in the older cases.

The court concurs in holding that the averments of the present bill, on the questions raised by the demurrer, are sufficient, and that the demurrer was properly overruled.

Affirmed.