# Mullens *v.* American Freehold Land Mortgage Co.

### *Bill in Equity for Foreclosure of Mortgage.*

1. *Foreign corporations doing business in Alabama; constitutional restrictions; bill for foreclosure of mortgage.*—A bill to foreclose a mortgage given to a foreign corporation, and executed in this State, must affirmatively show that, when the contract was made, the corporation had complied with the constitutional provision (Art. xiv, § 4) requiring it to have an authorized agent and a known place of business in this State.

2. *Same; allegations of bill construed against pleader.*—In a bill to foreclose a mortgage, filed by a foreign corporation, an averment that the complainant "*has* complied with the laws of Alabama which authorize foreign corporations to do business in this State," being construed most strongly against the pleader, must be held to have reference to the time of filing the bill, and not to the time at which the contract was made.

APPEAL from the Chancery Court of Pickens.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 10th July, 1889, by the "American Freehold Land Mortgage Company of London," a foreign corporation, against John R. Mullens and his wife; and sought to foreclose a mortgage on a tract of land. The mortgage, a copy of which, with the notes secured by it, was made an exhibit to the bill, was dated April 7th, 1886, and conveyed a tract of land in said county of Pickens, as security for the repayment of $1,200, money loaned. The bill alleged that the complainant "was duly incorporated under the laws of Great Britain, is lawfully doing business in the State of Alabama, and has complied with the laws of said State which authorize foreign corporations to do business in Alabama." The defendants demurred to the bill, because it did not allege or show that the complainant had an authorized agent and a known place of business in Alabama at the time the money was loaned and the mortgage executed. The chancellor overruled the demurrer, and his decree is here assigned as error.

VOL. LXXXVIII.

[Craddock v. American Freehold Land Mortgage Co. of London.]

WATTS & SON, for appellant.

D. C. HODO, *contra.*

CLOPTON, J.—The appellee, the American Freehold Land Mortgage Company of London, is a foreign corporation, duly incorporated under the laws of Great Britian, and files the bill to foreclose a mortgage executed by appellant, on certain lands in the county of Pickens, in this State. The averment of the bill is, that complainant *has* complied with the laws of the State of Alabama, which authorize a foreign corporation to do business in this State. Construing the bill most strongly against complainant, it shows with sufficient certainty that the notes and mortgage were executed and delivered in Alabama. In *Farrior v. New Eng. Mort. Sec. Co.*, decided at the present term, (*ante*, p. 275), the averment of the bill was, that the corporation complainant "has a duly constituted agent, and a known place of business in Alabama." It was held, that the bill must be construed as averring that the company had a duly constituted agent and known place of business in this State, only when the suit was commenced, and not when the money was loaned, or the mortgage taken; and therefore, was not an averment that the corporation had a duly constituted agent and known place of business when the transaction took place, as required by the Constitution and statute; and for this reason, that the demurrer to the bill was erroneously overruled. On the authority of that case, the decree of the chancellor overruling the demurrer to the present bill must be reversed.

Reversed and remanded.