# Christian *v*. American Freehold Land Mortgage Co.

*Bill in Equity for Foreclosure of Mortgage.*

1. *Foreign corporations doing business in Alabama; averment of compliance with constitutional and statutory provisions.*—In a bill filed by a foreign corporation, to foreclose a mortgage, or to enforce any other contract, if it affirmatively appears that the mortgage or other contract was executed in Alabama, compliance with constitutional and statutory provisions regulating the right of foreign corporations to do business here (that is, by having a resident agent and a known place of business here) must be alleged, as essential to the right to relief; otherwise, the fact of non-compliance is matter of defense, and must be taken by plea or answer. (Stone, C. J., dissenting.)

2. *Foreign and alien corporations, litigating, owning land, or taking mortgages in Alabama.*—A foreign corporation may litigate in Alabama, without complying with constitutional and statutory provisions regulating its right to do business here; and an alien corporation, having complied with the provisions, may own land, or take a mortgage on land here.

APPEAL from the Chancery Court of Perry.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 27th July, 1889, by the "American Freehold Land Mortgage Company of London, Limited, a corporation created under the laws of England, and having its principal office in the city of London," against John B. Christian and others; and sought to foreclose a mortgage on a tract of land, which said Christian had executed to the complainant. The tract of land was situated in Perry county, and the mortgage was dated the 14th September, 1885. The defendants demurred to the bill, assigning the following as grounds of demurrer: (1) because the bill does not allege or show that said corporation, at the time said mortgage was taken, had a resident agent and a known place of business in Alabama, as required by constitutional provisions; (2) because it does not allege or show that said corporation "has any right or authority to take to itself a conveyance of any land situated in this State;" (3) because it does not allege or show that "any authority, right or privilege was or has been given or granted to said corporation by this State, to take a conveyance to itself of any land situated in this State, or to have or hold any land

[Christian v. American Freehold Land Mortgage Co.]

situated in this State;" (4) because it shows that said corporation is transacting its business in this State, by filing this bill to foreclose said mortgage, employing attorneys to prosecute it, &c., and does not show a compliance with said constitutional provision. The chancellor overruled the demurrers, and his decree is now assigned as error.

JNO. F. VARY, and H. C. SEMPLE, for appellant.

PETTUS & PETTUS, contra.

McCLELLAN, J.—The questions which the demurrers in this case seek to raise, are those which were passed on in the case of *Farrior v. New Eng. Mort. Sec. Co.*, at this term, 88 Ala. 275. It was there held, that a corporation foreign to the State of Alabama could not transact any business in this State, unless and until it had complied with the provisions of § 4, Art. XIV, of the Constitution, now also embodied in the act of February 28th, 1887, giving force and effect thereto, and filed in the office of the Secretary of State an instrument in writing, &c., "designating at least one known place of business in this State, and an authorized agent or agents thereat"; and that a mortgage, executed in this State, to a non-resident corporation which had not complied with the constitution and statute, on land situated here, to secure a loan made here, was absolutely void. This case was followed and re-affirmed in that of *Mullen v. Amer. Freehold Land Mortg. Co. of London*, 88 Ala. 280. And in each of those cases, the facts going to show that the transaction involved took place in Alabama, and was the doing of business here within the constitutional and statutory provisions referred to, were substantially the same as those presented by the present bill and exhibits. We adhere to, and re-affirm the opinions in those cases, and hold that the bill in this case is without equity, if it can be construed as showing, either by averment or the absence of necessary averment, that the complainant, at the time of the transaction in question, had not complied with the law in the matter of designating "a known place of business in this State, and an authorized agent or agents residing thereat." This presents a question of pleading which does not appear to have been adjudged in either of the cases referred to. The bill shows that the complainant is a foreign corporation, and that the transaction upon which relief is sought was business

[Christian v. American Freehold Land Mortgage Co.]

done in this State; but it is silent as to whether it had, at the time of this transaction, or at any other time, complied with our laws as to the designation of a place of business and an agent here. Was it essential that the fact of compliance should have been averred, in such sort that a failure to allege it must be taken as the equivalent of an admission that it does not exist? It is a fundamental rule of equity pleading, that every fact essential to complainant's title to maintain the bill and obtain the relief prayed must be stated.—Story's Eq. Pl. § 257; Daniel's Ch. Pl. & Pr. 319. And where it appears from the face of the bill that the complainant's right to the relief he seeks depends upon some preliminary act by him, the performance of such preliminary act must be averred, or a demurrer will lie. Thus, where the plaintiff claimed as a purchaser of certain shares in a joint-stock company, and it appeared by the bill that by the rules of the association no transfer of shares could be valid unless the transaction was approved by the directors of the company, &c., the bill was held bad on demurrer, because it failed to allege the approval, which its averments showed to be essential to complainant's title and the relief he sought.—*Walburn v. Ingilby*, 1 M. & K. 61, 77. This is the precise point involved here. The bill presents a case to relief on which it is essential that complainant should have complied with the laws of the State as to the designation of a place of business and an agent thereat. It appears from the bill itself that, without such compliance, the right to that relief does not exist. We entertain no doubt but that the failure to allege the fact of compliance is fatal on demurrer, especially as that fact is peculiarly within the knowledge of the complainant. The averment is a part of "plaintiff's title to maintain the bill and obtain the relief" sought. If the bill had not shown that it prayed relief on a transaction which took place in Alabama, the objection could be taken only by answer or plea. It would then have been a matter of defense. But, here, the materiality of the fact omitted appears from the facts alleged, and the omission will be taken—construing the bill most strongly against the complainant—as an admission that the fact does not exist. The demurrer based on the failure of the bill to allege that the complainant, at the time of making the loan, had designated a known place of business in this State, and an agent residing thereat, should have been sustained.—*Cockrell v. Gurley*, 26 Ala. 405; *Reel v. Overall*, 39 Ala. 138.

Those assignments of demurrer which are predicated on the theory that foreign corporations can not litigate in the courts of this State, unless they have complied with the constitutional and statutory provisions referred to, are untenable, and were properly overruled. The prosecution or defense of an action in the courts of this State is not the doing of business here, within the meaning of the requirement in question.—2 Mor. Corp. § 662. And the objection which denies the capacity of a foreign corporation, *i. e.*, an alien corporation, to own land, or to take a mortgage on land in this State, even when it has designated a place of business and an agent here, is equally untenable.—Mor. on Corp. §§ 360, 961; Code, § 1914.

For the error in overruling the assignment of demurrer predicated on the failure of the bill to allege compliance with our laws as to the designation of a place of business and an agent, the decree is reversed, and the cause remanded.

STONE, C. J., dissenting.