[Ginn v. New England Mortgage Security Co.]

# Ginn *v.* New England Mortgage Security Co.

### *Bill in Equity for foreclosure of Mortgage.*

1. *Foreign corporation doing business in Alabama, without compliance with constitutional or statutory provisions.*—When a foreign corporation, doing business in Alabama, files a bill in equity to enforce a contract made here, it should allege a compliance on its part with the constitutional and statutory provisions requiring a known place of business and an authorized agent in the State; but the want of such an averment is only a ground of demurrer, and is waived if not so taken.

2. *Same.*—Making a loan of money in Alabama, secured by note and mortgage on land, is "doing business" here within the meaning of said constitutional and statutory provisions, but the institution and prosecution of a suit is not.

3. *Usury.*—A loan of money at legal interest, secured by note and mortgage, is not rendered usurious because the borrower's agent charged him a bonus, or commissions, and deducted it from the amount received; nor would it be usurious even if the agent acted for the lender, and deducted his commissions from the amount lent, unless this was done with the knowledge or consent of the lender, or he derived some benefit from it in addition to legal interest; nor is it usurious because separate notes are taken for the accruing interest, each bearing interest from maturity; nor because it contains a stipulation for the payment of an attorney's fee on foreclosure.

APPEAL from the Chancery Court of St. Clair.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed October 28, 1887, by the appellee corporation, a foreign corporation, against the appellants, Reuben Ginn and his wife; and prayed the foreclosure of a mortgage on certain lands, which was given by the defendants to the complainant to secure the re-payment of money borrowed by them from the said company, and which was executed on March 18, 1886. The defendants filed their joint and several answers to the bill. which set up, among other things, the defense of usury. There was no demurrer filed to the bill. The facts upon which the defense of usury was based were, that while notes which evidenced the indebtedness showed that the defendants were to pay to complainant only 8 per cent. interest on the money borrowed, still, as part of the same transaction, the defendants obligated themselves to pay an additional per cent., which was claimed to be paid as commissions to one Skaggs, through whom the loan was negotiated, Skaggs styling himself as the agent of the defendants;

| | |
|---|---|
| 92 | 135 |
| 96 | 433 |
| 92 | 135 |
| 99 | 432 |
| 92 | 135 |
| 105 | 361 |
| 105 | 392 |
| 92 | 135 |
| 108 | 6 |
| 108 | 593 |
| 109 | 551 |
| 92 | 135 |
| 116 | 414 |
| 92 | 135 |
| 121 | 395 |
| 92 | 135 |
| 127 | 100 |

but it is claimed by defendants that he was in truth and fact the agent of the loan company—the complainant in this suit. In reference to this contention, the evidence showed that the said Skaggs was the agent of the borrower—the defendants here—and at their instance and request negotiated the loan with complainant; and that the agreement to pay the additional per cent. interest, as commissions for negotiating the loan, was evidenced by the note executed by the defendants, and payable to the said Skaggs. The defense sought to be interposed by the amended answer is shown in the opinion of this court. Upon final hearing, on pleadings and proof, the chancellor granted the relief prayed for, and decreed a foreclosure of the mortgage. The defendants bring this appeal, and assign as error the chancellor's decree.

JOHN W. INZER, for appellants.—The bill does not show that complainant had complied with the law at the time of the transaction.—*Christian v. Amer. Frh. Ld. Mortg. Co.*, 89 Ala. 198; *Craddock v. Amer. Frh. Mortg. Co.*, 88 Ala. 281; *Farrior v. New Eng. Mort. Sec. Co.*, 88 Ala. 275; *Dudley v. Collier*, 87 Ala. 431; Const. of 1875, Art. XIV, § 4; Acts 1886–1887, p. 102.

KNOX & BOWIE, *contra.*—The amended answer sets up no defense.—*Christian v. Am. Freeh. Ld. Mortg. Co.*, 89 Ala. 198. Usury did not taint the present transaction.—*Acherson v. Chase*, 28 Minn. 211; *Am. Mtg. Co. v. Meek*, 7 S· E. Rep. 265; *Dickey v. Brown*, 56 Iowa, 426; *N. E. M. S. Co. v. Towns*, 1 So. Rep. 242; *Smith v. Wolf*, 55 Iowa, 555; *Condit v. Baldwin*, 21 N. Y. 219; *Gray v. Blaycoon*, 29 N. J. Eq. 454; *Call v. Palmer*, 116 U. S. Sup. 98; *Muir v. Newark Sav. Inst.*, 16 N. J. Eq. 538; *Grant v. Phoenix Life Ins. Co.*, 121 N. S, 105–118; *Conover v. Van Mater*, 18 N. J. Eq. 481; *Telford v. Garrels*, 24 N. E. Rep. 573; *Esterez v. Purdy*, 66 N. Y. 446; *Ins. Co. v. Kashaw*, 66 N. Y. 544; *Fellows v. Longyer*, 91 N. Y. 324.

McCLELLAN, J.—The bill in this case is filed to foreclose a mortgage. It discloses that the complainant—appellee here —is a foreign corporation, and that the transaction involved the loan of money secured by notes and mortgage—was the doing of business in this State within our constitutional and statutory provisions requiring such corporations to have a known place of business and an authorized agent thereat in the State before doing any business here?—Const. Art. XIV, § 4; Acts 1886–7, p. 192; *Farrior v. New Eng. Mort. Sec.*

[Ginn v. New England Mortgage Security Co.]

Co., 88 Ala. 275 ; *Mullens v. Amer. Freehold Land Mort. Co.*, 88 Ala. 280.

The bill contained no averment that the complainant had, at the time of the transaction, "a known place of business in this State, and an agent or agents residing thereat," or that it had ever complied with the law in this respect. This absence of essential averment would have been a fatal defect on demurrer.—*Christian v. Amer. Freehold Land Mortg. Co.*, 89 Ala. 198. But no demurrer was interposed. Not only so, but the answer contains no allegation that the complainant had not complied with our laws on the subject in question. On the contrary, it avers facts as to one Skaggs being the agent of the corporation, and residing and doing business for it at Talladega, which would possibly be sufficient to constitute that town a known place of business in this State, and himself an authorized agent therein, within the constitutional requirement, which alone obtained and applied when the mortgage and notes were executed, the transaction having occurred before the passage of the act of February 28th, 1887. However that may be, it is quite manifest that no question was made in the Chancery Court as to capacity of the complainant to make the contract involved in the case, nor passed on by the chancellor. Had the bill been demurred to, for the absence of averment that complainant had a place of business and an agent in the State, it may be the defect could have been cured by amendment. Had the answer alleged a want of compliance with our laws in this respect, it may be that the defense could have been met and overcome by proof to the contrary. In any event, the question can not be raised for the first time in this court, and the lower court put in error upon a matter not involved in the decree it rendered.

An amended answer alleges that complainant, *at the time of bill filed*, did not have the place of business, and the agent or agents required by the constitution and statute. Whether this was true or not, is wholly immaterial. The institution and prosecution of suits is not the doing of business within the provisions in question, but is within the competency of foreign corporations, whether they have a known place of business and an agent thereat or not.—*Christian v. Amer. Freehold Land Mort. Co., supra.*

The defense of usury can not be sustained in this case. It satisfactorily appears in evidence that the complainant neither received nor contracted for, nor was in any event to receive, more than eight per cent. upon and for the amount of money it loaned to the defendant, which amount is expressed in and secured by the mortgage as eleven hundred dollars. What is

now asserted to be usury, was in reality the expenses of and commissions upon the amount of the loan, all of which were reserved by Skaggs out of the sum paid over to him by the complainant for the defendant. There is no evidence that Skaggs was the agent of the complainant, except declarations by himself, not competent as against the complainant to prove the fact of agency. To the contrary, Skaggs himself and another witness testify that he was in no sense complainant's agent, but that throughout the transaction he acted for and in behalf of the defendant, through the Corbin Banking Company, and for him through that company negotiated the loan with, and procured the money from, the complainant. He was not in the employment or pay of the complainant. Nor did the complainant participate to any extent in the commissions received by him. The corporation, on the facts found in this record, did no more than lend a sum of money to the defendant, pay it to his agent for him, and secure its repayment, with only lawful interest thereon, by the mortgage and notes, now sought to be foreclosed and collected. The reservation of commissions, &c., by Skaggs does not taint the transaction with usury.—*Conover v. VanMoter*, 18 N. J. Eq. 481; *Grant v. Phoenix Ins. Co.*, 121 U. S. 105; *Smith v. Wolffe*, 55 Iowa, 555: *Telford v. Garrels*, 24 N. E. Rep. 573; *Merck v. Amer. Freehold Land Mortg. Co.*, 7 So. Rep. 265; *Eslava v. Crampton*, 61 Ala. 507; *Uhlfelder v. Carter*, 64 Ala. 532. Even had Skaggs been the agent for complainant, for the purpose of making loans, and had exacted a bonus, or commissions, from the defendant for making the loan in question, the complainant would not be responsible therefor, nor subjected to the penalties of the statutes of usury, unless the exaction was with its consent or knowledge; or it derived, directly or indirectly, some benefit therefrom in addition to the interest it was entitled to receive upon the money advanced by it.—*Caudit v. Baldwin*, 21 N. Y. 219; *Call v. Palmer*, 116 U. S. 98; *Muir v. Newark Savings Inst.* 16 N. J. Eq. 537; *Gray v. Van Clarcour*, 29 N. J. Eq. 454.

Neither the stipulation that interest should be paid on overdue instalments, evidenced by separate notes, of interest on the principal, nor for the payment of the attorney's fees incurred in foreclosing the mortgage, should that become necessary, renders the transaction usurious.—*Telford v. Garrels*, 24 N. E. Rep. 573, *Harman v. Lehman, Durr & Co.*, 85 Ala. 279.

The decree of the chancellor is affirmed.