# McCall _v._ American Freehold Land Mortgage Co.

### _Bill in Equity for Foreclosure of Mortgage._

| 99 | 427 |
| 100 | 498 |
| 99 | 427 |
| 103 | 300 |
| 99 | 427 |
| f120 | 6 |
| 121 | 483 |

1. _Stipulation in mortgage for payment of attorney's fees; sufficient averment of necessity for foreclosure in equity._—When a bill, filed for the foreclosure of a mortgage, alleges that said mortgage contains no provision authorizing the mortgagee to purchase the mortgaged property if sold under the power of sale, and that by reason of the defenses of usury and the denial of the validity of the mortgage by the mortgagor, no third person would purchase at a sale under the power, a necessity to resort to foreclosure proceedings is sufficiently shown; and attorney's fees should be allowed under a stipulation in said mortgage that the mortgagor would pay such fees "if it shall become necessary to employ an attorney to foreclose this mortgage."

2. _Married woman relieved of the disabilities of coverture has power to contract for payment of attorney's fees._—A married woman relieved of the disabilities of coverture by a decree of the chancellor, "so far as to invest her with the power to buy, sell, hold, convey and mortgage real and personal property," is competent to bind herself and her property by a stipulation in a mortgage for the payment of attorney's fees, and all other expenses of foreclosing the mortgage.

3. _Averments of petition to be relieved of disabilities of coverture; sufficient allegations in bill to foreclose mortgage._—A petition by a married woman averring that she was the owner of a statutory, separate estate, and praying her disabilities of coverture as to such estate be removed, so far as to invest her with the right to buy, sell, hold, mortgage and convey her said real and personal property, and to sue and be sued as a _feme sole_, alleges the jurisdictional facts necessary to warrant a decree relieving her of the disabilities of coverture; and a bill which avers these facts, and further avers that her husband was made a party defendant to said petition "and, in a writing signed by him and filed in said cause, gave his assent thereto," shows that a decree of the chancellor removing the disabilities of coverture, were based upon a petition which contained the requisite jurisdictional allegations.

4. _Foreign corporations; requisite authority of agents_—The agent, which foreign corporations are required by the constitution to have

[McCall v. American Freehold Land Mortgage Co.]

at a known place of business in this State, need not be invested with any of the contractual powers which the corporation is permitted to exercise by its constating instruments, but it is sufficient if he has authority to accept and receive service of process.

5. *Same; prosecution of suits not the doing of business.*—The institution and prosecution of suits in the courts of this State by a foreign corporation, is not the doing of business here, within the meaning of the constitutional and statutory provisions.

6. *Waiver of right to exemption; not material.*—A waiver of the right to exemption by mortgagee is immaterial when the bill to foreclose the mortgage seeks no relief dependent on or referable to such waiver.

APPEAL-from Chancery Court of Lowndes.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed by the American Freehold Land Mortgage Company against Laura A. McCall and her husband, T. B. McCall, on August 15, 1890; and prayed the foreclosure of a mortgage, executed by the respondents to the complainant. The bill, as amended, avers that Laura A. McCall was seized and possessed of the lands described therein; that on February 15, 1886, she and her husband, T. B. McCall, becoming indebted to the American Freehold Land Mortgage Company' jointly executed and delivered to said company a mortgage upon her lands; that in said mortgage she and her husband waived all their right and claim to exemption, and agreed that if it should become necessary to employ an attorney to foreclose the mortgage, or to collect any part of the debt secured thereby, to pay such reasonable attorney's fees as may be incurred by the mortgagee in that behalf, and that the mortgage should stand as security for the same. It was further averred that the complainant was a corporation chartered under the laws of the United Kingdom of Great Britain and Ireland, with its home office and residence in the city of London, England, and a branch office and agent in the city of New York, and that by its charter it has full power and authority to lend its money and take notes secured by a mortgage on real estate wherever the same may be situated. That before the taking of the mortgage from Mrs. Laura A. McCall and her husband, the American Freehold Land Mortgage Company appointed E. D. Bowles, of Selma, Alabama, its agent, who was authorized to accept and receive service of process; and had established, kept and maintained an office and known place of business at Selma, Alabama; that Mrs. Laura A. McCall filed her petition in the Chancery Court to be relieved of the disabilities of coverture in accordance with section 2731 of the Code of 1876, and that on January 21, 1884, a decree was rendered relieving her of the disabilities

[McCall v. American Freehold Land Mortgage Co.]

of coverture, so far as to invest her with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as a *feme sole*.

The allegations of the bill as to the necessity for filing a bill for foreclosure, and in reference to the removal of the disabilities of coverture of Mrs. McCall, and the stipulations as to the payment of attorney's fees, are sufficiently stated in the opinion.

The respondents demurred to the bill as amended upon the following, among other grounds:

1. That it is shown by the bill that the agreement to pay attorney's fees for the complainant in foreclosing the mortgage and collection of the debt, is without consideration. 2. That there are no sufficient facts or reasons averred in the bill showing the necessity to resort to a court of equity for the foreclosure of said mortgage. 3. That it is not affirmatively shown by said bill that the complainant has filed in the office of the Secretary of State at Montgomery, Alabama, an instrument in writing under its corporate seal, properly signed, designating at least one known place of business in this State, and an authorized agent thereat. 4. That it is not shown by the averments of said bill that the respondents properly waived their right to exemption. 5. That it is not shown by the averments of said bill that Mrs. Laura A. McCall was relieved of the disabilities of coverture. 6. That it was not shown by said bill that the complainant, a foreign corporation, had authorized its agent to exercise for it the contractual powers which the complainant was permitted to exercise by its constating instruments. 7. That it is shown by the bill that its agent only had power to accept and receive service of process, and was not, therefore, such an authorized agent as required by the constitution.

Upon the submission of the cause, on these demurrers, the chancellor overruled the same; and on this appeal by the respondents, his decree in overruling the demurrers is assigned as error.

J. C. RICHARDSON, for appellant.

WEBB & TILLMAN, and CALDWELL BRADSHAW, *contra*, cited, *Craddock v. A. F. L. M. Co.*, 88 Ala. 282; *Bedell v. N. E. M. S. Co.*, 91 Ala. 326; *Nelms v. E. A. L. M. Co.*, 92 Ala. 157.

McCLELLAN, J.—This is a bill filed by the American Freehold Land Mortgage Company against Laura A. McCall and Tristram B. McCall to foreclose a mortgage ex-

ecuted by the respondents, who are man and wife, on lands belonging to the said Laura A. McCall. The mortgage is made an exhibit to the bill. It contains two distinct stipulations for the payment in stated contingencies by the mortgagors of attorney's fees incurred by the land company. The first of these provisions constitutes the 5th clause of the instrument, and is as follows: "That if it shall become necessary to employ an attorney to foreclose this mortgage or to collect any part of the debt herein secured, they [the mortgagors] will pay such reasonable attorney's fees and all other lawful and proper costs and expenses that may be incurred by the party of the second part [the mortgagee] in that behalf; and this mortgage shall stand as security for the same." The other provision is found in the 6th paragraph of the mortgage in connection with the power of sale by the mortgagor upon default, and is in effect that upon such sale the proceeds thereof shall be applied, so far as necessary to that end, to the "payment of such reasonable attorney's fees as may be incurred" by the mortgagee in and about said sale. It is manifest that the first provision relates to attorney's fees incurred on a bill to foreclose in the Chancery Court, or for the services of an attorney in an action at law on the notes, or in collecting the secured debts by other means than through a resort to the power of sale; and that the latter provision relates to the services of an attorney in the execution of the power of sale. And hence, it is equally manifest that the mortgagors have bound themselves to pay the reasonable fees of complainant's attorneys in this proceeding to foreclose the mortgage as claimed in the bill, if the necessity for the employment of an attorney "to foreclose the mortgage" is sufficiently averred therein. We think it is. The averments in this regard are the following: "That the said mortgage contains no provision, giving authority to your orator to bid for and become the purchaser of said mortgaged property at any sale thereof made by orator, under the power of sale contained therein, and by reason of the defenses upon the plea of usury, as well as because, and for the reason that, as claimed by the mortgagors, orator was a foreign corporation, and had no authorized agent or known place of business in the State of Alabama, at the time of negotiation for said loan of money and the execution of said note and mortgage, and other defenses set up against said mortgage, denying its validity, and the denial of and resistance made by defendants to its validity, no stranger or third person would buy at such sale or become the purchaser of said mortgaged property at any

such sale, and bid therefor anything like the fair value of the property; and that a sale and purchase by orator of such mortgaged property at a sale made by orator as mortgagee, would be liable to be set aside at the instance of the said mortgagor, and leave the mortgage still in existence as an unforeclosed mortgage; and for these reasons it has become necessary for your orator to proceed and seek a foreclosure of the said mortgage in a court of equity, and to invoke the jurisdiction of this honorable court for that purpose." These averments are in line with the suggestions made in this connection in *Bedell v. New England Mortgage Security Company*, 91 Ala. ι25, and we hold that they sufficiently show the reasonable necessity contemplated by the stipulation contained in the 5th paragraph of the mortgage to foreclose the mortgage by a decree of the Chancery Court; and this being necessary, the further necessity of employing an attorney to institute and prosecute the foreclosure suit is self-evident.

2. That Mrs. McCall was competent to bind herself and her property to the payment of attorney's fees and all other expenses of foreclosing the mortgage we do not doubt. She had been relieved of the disabilities of coverture by a decree of the chancellor "so far as to invest her with the power to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as a *feme sole*," and the power to mortgage her real estate carried with it the power to enter into such stipulations as a part of the mortgage as are usually incident thereto; and among these may be safely classed the stipulations of this instrument for the payment by her of the costs, including reasonable attorney's fees, incurred by the mortgagee in collecting from her the money it had loaned her on the security of her land.

3. The assignment of demurrers which proceeds on the assumption that the bill does not show that the decree of the chancellor relieving Mrs. McCall of the disabilities of coverture as and to the extent provided by statute of force when this mortgage was executed was based upon a petition to that end which contained the requisite jurisdictional allegations, is misconceived. The bill does aver that Mrs. McCall, at the time of filing by next friend her said petition, owned and held as her statutory separate estate the lands embraced in this mortgage, that said petition was "in writing, averring that she was the owner of a statutory separate estate, and praying her disabilities of coverture as to her said separate estate by the decree of said court or chancel-

lor be removed so far as to invest her with the right to buy, sell, hold, mortgage and convey her said real and personal property, and to sue and be sued as a *feme sole*," and it is further averred that her husband was made a party defendant to said petition "and, in a writing signed by him and filed in said cause, gave his assent thereto." These were the jurisdictional facts and prayer essential to the petition. Code 1876, § 2731.

4. The question raised by the assignment of demurrer which proceeds on the theory that the agent which foreign corporations are required by the Constitution to have at a known place of business in this State must be an agent who "is authorized to exercise some of the contractual powers which the corporation is empowered or permitted to exercise by its constating instruments," and not merely an agent whose authority is limited to accepting and receiving service of process, has been determined by this court against the appellant.—*Nelms v. Edinburgh American Land Mortgage Co.*, 92 Ala. 157.

5. And so also has it several times been held that the institution and prosecution of suits in the courts of this State was not the doing of business here within our constitutional and statutory provisions requiring foreign corporations to have a known place of business, and an authorized agent or agents thereat before doing any business in this State.—*Christian v. American Freehold Land Mortgage Co.*, 89 Ala. 198; *Ginn v. New England Mortgage Security Co.*, 92 Ala. 135.

6. The fact that the mortgagors in terms waived their rights of exemption is stated in the bill, but no relief sought therein is at all dependent upon or referable to such waiver. If it be true, as is insisted by an assignment of demurrer, that the waiver of exemptions is bad as to any of the property covered by the mortgage, or as to either of the respondents, the appellant would yet take nothing by this demurrer, since, had there been no waiver or attempted waiver at all, complainants are entitled to all the relief prayed in the bill.

7. The bill not only does not show that the debt secured by the mortgage was in whole or in any part the debt of the husband, but to the contrary, it is repeatedly averred to be the debt of Mrs. McCall. The demurrers which sought immunity for Mrs. McCall and her property from liability were not only speaking demurrers but they spoke against the record.

What we have said disposes of all the assignments of

error, which are at all insisted on in argument, adversely to the appellants. The decree of the chancellor overruling the demurrers to the bill is free from error, and is affirmed.