# McLeod v. American Freehold Land Mortgage Co. of London.

*Bill in Equity to Remove Cloud from Title.*

1. *Designation of agent by foreign corporation.*—Under Const. Art. 14, § 4, and act of February 28, 1887, (Acts 1886-87, p. 102,) giving force thereto, which require foreign corporations to file with the Secretary of State an instrument designating at least one known "place of business" in the State, and an agent or agents residing thereat, the certificate need not designate the store or office of such agent, but is sufficient if it designates the city where he resides.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed by the appellant against the appellee; and prayed to have cancelled as a cloud upon his title a certain mortgage which had been executed by the complainant to the defendant, to the land described in the bill, to secure a loan of $4,000.00 made to the complainant.

The original bill asserted the invalidity of the mortgage, first, upon the ground that it was a New York contract, and that interest exceeding six per cent. per annum was charged;

[McLeod v. American Freehold Land Mortgage Co. of London.]

and also upon the further ground that the defendant did not comply with section 4, Article XIV of the Constitution of Alabama, and the act of the legislature of Alabama giving force to that provision of the Constitution, approved February 28, 1887, page 102 Sess. Acts 1886-87—as to the appointment of an agent and the designation of the place of business by foreign corporations.

The original bill contained no offer to repay the defendant the amount of money actually received with lawful interest.

The defendant filed a cross bill asking for a foreclosure of the mortgage, and to this cross bill the original camplainant, by way of answer, pleaded the invalidity of the mortgage because the cross complainant had not complied with the constitutional and statutory provisions above named.

There was no evidence or testimony sustaining the averments of the original bill that the contract was a New York contract.

The certificate of appointment of an agent of the American Freehold Land Mortgage Co. was filed by said company in the office of the Secretary of State, and is sufficiently shown in the opinion.

Upon the final submission of the cause, on the pleadings and proof, the chancellor refused relief to the complainant as prayed in his original bill, and granted relief to the cross complainant; and ordered the mortgage executed by the said McLeod, to the Mortgage Company, foreclosed. The original complainant appeals, and assigns this final decree of the chancellor as error.

ARRINGTON & GRAHAM, and A. A. WILEY, for the appellant, cited, Acts 1886-87, p. 102; *Hayden & Floyd v. Lehman, Durr & Co.*, 83 Ala. 243; *Edwards v. Meadows*, 71 Ala. 42.; 18 Amer. & Eng. Encyc. of Law, p. 464.

JAMES E. WEBB, and CALDWELL BRADSHAW, cited, *New Eng. Mort. Security Co. v. Ingram*, 91 Ala. 337; *Nelms v. Edinburg Amer. Land Mort. Co.*, 92 Ala. 160; *Amer. Land Mort. Co. v. Sewell*, 92 Ala. 176.

HARALSON, J.—As stated by counsel for appellant, the only question in this case is, whether the instrument in writing filed with the Secretary of State by the appellee, the New England Mortgage Security Company, is a sufficient compliance with the act of the legislature requiring corporations to file with the Secretary of State an instrument, "desig-

32

nating at least one known place of business in this State, and an authorized agent or agents residing thereat."

The certificate filed was to the effect, that in order to comply with the requirements of the Constitution, in reference to foreign corporations, doing business in this State, the company had appointed (quoting the language) "William E. Hooper, Esq., of the city of Birmingham and State of Alabama, their (its) agent, under the said provisions of said Constitution, giving unto him all such powers, rights, and privileges, and imposing on him such duties as the said clause of the Constitution requires. And the said Hooper is authorized and required to keep an office or place of business in the city of Birmingham."

The contention of appellant is, that this certificate is insufficient, (only), in that it does not designate the place of business—store house or office—of said agent, in the city of Birmingham, and therefore does not designate "one known place of business and an authorized agent or agents therein," as required by the Constitution, and the act of the legislature to give it force and effect.—Const. Art. XIV, § 4. Acts 1886-7, p. 102. Said act requires, that such a company, before doing business in this State, shall file an instrument in writing, under its seal, signed officially by its president and secretary, "designating at least one known place of business in this State, and an authorized agent or agents residing thereat."

The point is too technical and without merit. The words "agent or agents *therein*," as used in the Constitution, or "agent or agents *residing thereat*," as in the act of the legislature, surely do not mean merely a store, office or business house in a city or town. These words do not imply that the agent must reside in his office or place of business. The terms employed plainly mean, "one known place of business," such as a town or city or other known place, in which, or at which the agent resides, and where he may be found. The designation of the particular office or other place of business, if in a city or town, where the agent may be generally found in business hours, might be convenient for those desiring to find him, but not necessary to come within the requirements of law.—*New England M. S. Co. v. Ingram,* 91 Ala. 337; *Nelms v. Edinburgh A. L. M. Co.,* 92 Ala. 159; *Am. F. L. M. Co. v. Sewell,* 92 Ala. 163, 176; *McCall v. A. F. L. Mort. Co.,* 99 Ala. 427.

In the *Sewell* case referred to *supra,* the certificate was identical with the one in this case, and was held sufficient, though the report of the case does not set it out.

Affirmed.