# Sullivan, Receiver, Etc. *v.* Vernon *et al.*

*Bill of Foreign Corporation to Foreclose Mortgage.*

1. *Foreign corporation must have a known place of business.* The Constitution, Art. 14, Sec. 4, prohibits a foreign corporation from doing any business in this State without having at least one known place of business and an authorized agent or agents therein. The uniform construction of this provision has been that it is prohibitory, rendering it unlawful for a foreign corporation, without compliance with its conditions, to transact any business here, and that all contracts into which it might enter, while executory, requiring the aid of the courts to enforce them are void.

2. *Bill by foreign corporation, what it must allege.*—A bill in equity brought by a foreign corporation to foreclose a mortgage executed in this State on real estate here situate is demurrable unless it contains an express averment that at the time of making the contract the corporation had a known place of business in the State and an authorized agent therein. (The rule laid down in Farrior's case, 88 Ala. 275, and in Christian's case, 89 Ala. 198, reaffirmed. What was said in Nelm's case, 92 Ala. 157, as to dissenting from this rule held to be *dictum*.)

3. *Motion to dismiss for want of equity; when not appropriate.* A motion to dismiss a bill for want of equity is not appropriate to reach defects curable by amendment; but when such motion is sustained and leave given to amend the error is harmless.

[Sullivan, Receiver, Etc. v. Vernon et al.]

. 4. *Mortgage; unattested and not acknowledged void; acknowl-
edged in this State, presumption.*—An unattested mortgage
on real estate is without validity in this State until ac-
knowledged as required by law; and if acknowledged in this
State the just construction of the certificate of acknowledg-
ment is that the signing, sealing and delivery were contem-
poraneous acts done in this State.

APPEAL from the Chancery Court of DeKalb.
Heard before the Hon. S. K. McSPADDEN.
The facts are sufficiently stated in the opinion.

No briefs came to the reporter.

PER CURIAM.—The original bill was filed to fore-
close a mortgage executed in this State, on real estate
here situate, to secure the payment of a debt contracted
with the "American Building, Loan & Investment So-
ciety," a corporation organized and existing under the
laws of the State of Illinois. A motion was made to dis-
miss the bill for want of equity, because it did not aver
that at the time of the execution of the mortgage, the
corporation had filed in the office of the secretary of
State, pursuant to the statute, approved February 28,
1887, (Pamph. Acts, 1886-8, p. 102), an instrument in
writing designating for itself at least one known place
of business in the State, and an authorized agent thereat
residing. The motion was sustained, but leave was
granted to amend within thirty days. From the decree
sustaining the motion, this appeal is taken.

The Constitution, Art. 14, Sec. 4, prohibits a foreign
corporation from doing any business in this State with-
out having at least one known place of business and an
authorized agent or agents therein. The statute to
which we have referred was enacted in aid and execu-
tion of the constitution. The uniform construction of
the constitution has been that it is prohibitory, render-
ing it unlawful for a foreign corporation without com-
pliance with its conditions to transact any business here,
and that all contracts into which it might enter, while
executory, requiring the aid of the courts to enforce
them, are void. And it is a settled rule of pleading in
equity, that a bill for the enforcement of such contracts,

is demurrable, unless it contains an express averment that at the time of making such contract, the corporation had a known place of business in the State, and an authorized agent therein.—*Farrier v. N. E. Mortgage Co.*, 88 Ala. 275; *Mullens v. Am. Freehold Mortgage Co.*, Ib. 280; *Christian v. American F. Mort. Co*, 89 Ala. 198; *Ginn v. New England Mortgage Co.*, 92 Ala. 135. We have not apprehended that it was intended to overrule or depart from these cases by the decision in *Nelms v. Edinburg Am. Land Mortgage Co.*, 92 Ala. 157. Upon that point, the opinion manifests a difference of opinion among the members of the court as then constituted, some dissenting from the rule of pleading declared in the cases to which reference has been made. The precise question we have here under consideration, was presented neither by the pleadings nor by the facts in that case. It shows that only two grounds of demurrer to the bill were considered by the court, and neither of which presented the question now before us. The first ground of demurrer was, that the bill fails to sufficiently aver facts to show that the "agent designated" had authority to exercise or perform any of the corporate functions or powers of the corporation; and 2nd, for that the bill fails to show that the corporation by its charter was authorized to engage in the business of loaning money and securing the same by mortgages on land in Alabama." In fact, the bill in that case distinctly averred a compliance, on the part of the complainant corporation, with the constitutional and statutory requirements as to foreign corporations having a known place of business and a designated agent thereat, within the State. It follows, therefore, that what was said in that case, as to dissenting from the rule laid down by this court in the cases of *Farrier*, 88 Ala. and *Christian*, 89 Ala. supra, can but be regarded as *dictum*, and we now reaffirm the rule as announced in those cases.

It is doubtless true as a general rule, that the law presumes the contracts of corporations like the contracts of natural persons are legal. But it is a cardinal rule of pleading in equity, as has been said by this court, founded in reason and good sense, that a bill must show the complainant's title to relief with sufficient certainty

and clearness to enable the court to see plainly that he has such a right as warrants its interference, and the defendant to be distinctly informed of the nature of the case which he is called upon to defend; matters essential to the complainant's right to relief must appear, not by inference, but by direct and unambiguous averment. *Cockrell v. Curley,* 26 Ala. 205; *Duckworth v. Duckworth,* 35 Ala. 70; *McDonald v. Mobile Life Co.,* 56 Ala. 468; *S. & M. R. R. Co. v. Lancaster,* 62 Ala. 555; *Goldsby v. Goldsby,* 67 Ala. 560. When the Constitution ordains that "no foreign corporation shall do any business in this State without having at least one known place of business and an authorized agent or agents therein;" and the legislature prescribes the mode in which the corporation shall make known to the public a designated place of business in this State, and who is, or are its authorized agent or agents thereat, obedience to the Constitution and the statute, becomes a condition precedent to the transaction of business in the State. Whether there has or has not been performance of the condition, is a fact lying peculiarly within corporate knowledge. It is a fact essential to a right of recovery, whenever relief is sought because of corporate transactions had within the State, and it must appear, not by inference or presumption, but by direct, unambiguous averment. It is one thing to presume in favor of the legality of the contracts of corporations or of natural persons; and quite another and essentially a different thing, to presume that either have performed constitutional or statutory requirements, when performance is of the essence of the capacity to contract. We regard the rule of pleading established in the cases to which we have referred, as founded in reason and good sense, in conformity to the cardinal rules of equity pleading, and we are unwilling to modify or depart from it. It seems an error to suppose that it is not by the bill affirmatively shown that the mortgage was executed in this State. A copy of the mortgage is exhibited with and forms part of the bill; and the certificate of acknowledgment of execution was taken in the county of DeKalb, before a notary public of the county, and affirms that the grantors acknowledged that they signed, sealed and delivered the instru-

ment as their free and voluntary act. The mortgage is unattested, and until acknowledgment of execution before an officer having authority to take and certify it, as a legal conveyance it was without validity. As either a legal conveyance, or as creating a mere equity, delivery was essential. The just construction of the certificate of acknowledgment is, that the signing, sealing, and delivery were cotemporaneous acts, done in the county of DeKalb.

A motion to dismiss a bill for want of equity is not the equivalent of a demurrer, nor is it appropriate to reach defects or insufficiencies of pleading curable by amendment. It would have been more regular, if the motion to dismiss had been overruled, and the defendants put to a demurrer. The irregularity is error without injury, for the decree rendered, is that which would have been rendered if a demurrer had been interposed and sustained, and the opportunity of amendment curing the defect in the bill, was afforded the complainant, as it would have been afforded in sustaining a demurrer.

Let the decree of the chancellor be affirmed.