# Eslava *v.* New York National Building & Loan Ass'n.

## *Bill in Equity to Foreclose Mortgage.*

1. *Failure of building and loan association to pay license fee does not vitiate their contract.*—The act of the legislature requiring license fee of building and loan associations before doing business in this State, being a mere revenue measure, a failure to comply with it does not vitiate contracts made with such an association.

2. *When defense against foreign building and loan association must be made by plea or answer.*—Unless a bill in equity brought by a foreign building and loan association affirmatively shows that the transaction as to which it seeks relief was had in this State, the defense that the association had not complied with the statute requiring a deposit of securities in this State, or the filing here of a certificate of such deposit elsewhere, if available, must be made by plea or answer.

3. *Sufficient for foreign corporations to name a town or city as its place of business.*—The constitutional and statutory requirements that foreign corporations must designate a known place of business in this State, and an authorized agent thereat if they propose to do business here, are sufficiently complied with by naming a town or city without specifying the particular place in such town or city. The bringing and prosecution of a suit is not the doing of business within the meaning of the law.

4. *Foreign building and loan associations may do business in this State; when.*—While most of the general provisions of the Code conferring powers upon building and loan associations are applicable only to those organized under our statutes, there is no law prohibiting foreign associations of that character to do business here within their chartered powers subject to the restrictions imposed by law.

5. *Usury a personal plea.*—One standing in the relation of purchaser of mortgaged property cannot have the mortgage debt reduced for usury; the plea of usury is personal to those bound upon the borrowing contract.

6. *Jurisdiction of chancery court is not taken away by provisions in a mortgage.*—If in a bond and mortgage to secure it reme-

[Eslava v. New York National B. & L. Association.]

dies for obtaining judgment thereon are attempted to be provided, the usual jurisdiction of chancery to foreclose the mortgage is not hereby taken away.

7. *Particular description of land in a mortgage controls.*—Where the particular description of the mortgaged premises is definite a general reference to the land as being in a particular location may be treated as surplusage.

8. *When personal representative of mortgagor is a necessary party to foreclosure.*—If there is a mortgage securing a bond, and a bill is filed to foreclose the mortgage and apply the proceeds to the bond debt, the personal representative of the deceased mortgagor is a necessary party, unless it is alleged that the estate of the deceased cannot be made liable for any balance on the debt after the application of the proceeds of the mortgage sale; and this although the property mortgaged was conveyed to another by the deceased mortgagor in his life-time.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. W. H. TAYLOE.

The New York National Building & Loan Association brought this bill against Jules Eslava to foreclose a mortgage executed to it by Odyle Eslava on the land which the latter conveyed to Jules Eslava after the execution of the mortgage. The defendant demurred to the bill on the grounds covered by the points determined in the opinion. The demurrer was overruled; and from this decree appeal is taken.

P. J. HAMILTON, for appellant.—(1). The current of authority in other States is against the rules that an assignee cannot set up usury.—*Butts v. Broughton,* 72 Ala. 298. (2). The personal representative of the deceased mortgagor a necessary party.—*Dooley v. Villalonga,* 61 Ala. 129; 3d Brick. Dig. 653; *Brooks v. Harrison,* 2 Ala. 214. (3). Foreign corporations on suing must allege agent, place of business and filing certificate with secretary of state.—*Christian v. American Co.,* 89 Ala. 198.

R. W. STOUTZ, *contra.*—(1). Usury is a defense personal to the party agreeing to pay it.—*Fenno v. Sayre,* 3 Ala. 458; *Gray v. Brown,* 22 Ala. 262; *Cain v. Gimon,* 36 Ala. 168. (2). A mortgagee can go into equity to

foreclose whether the mortgage gives power to foreclose by other means or not.—*Ala. Li. Co. v. Bettway*, 24 Ala. 562. (3). Mortgagor not a necessary party to foreclosure when he has sold his entire interest.—*Boutwell v. Steiner*, 84 Ala. 307; *Wilkinson v. May*, 69 Ala. 33. (4). Particular description will govern in a deed.— *Clements v. Pearce*, 63 Ala. 284; *Guilmartin v. Wood*, 76 Ala. 204. (5). The prosecution or defense of a suit is not the doing of business within the meaning of the statute respecting the requirement of certain preliminaries of foreign corporations before doing business in this State.—*Christian v. Freehold Land Mortgage Co.*, 89 Ala. 198; *McCall v. Am. Freehold Land Mortgage Co.*, 99 Ala. 437; *Cook v. Rome Brick Co.*, 98 Ala. 409.

SHARPE, J.—1. That provision of the act of February 7th, 1893, requiring all building and loan associations whether foreign or domestic to pay a license fee for doing business in this State is not intended for the protection of individual interests or the enforcement of any principle of public policy. Its purpose was merely to assist the State's revenue and though non-compliance is visited with a penalty it does not vitiate contracts arising in such business.

2. Whether such effect would follow from non-compliance with that part of the same act requiring a deposit of securities in this State, or the filing here of a certificate of such deposits elsewhere we think it unnecessary to consider. Unless the bill affirmatively shows that the transaction as to which it seeks relief was had in this State such defense if available must be made by plea or answer.—*Christian v. Am. Freehold L. Mort. Co.*, 89 Ala. 198; *Farrier v. New England Mort. & Sec. Co.*, 88 Ala. 275; *Sullivan v. Vernon*, in MS.

Nothing appears in this bill indicating the place of the transaction unless by inference from the exhibits showing the bond to be payable in New York and the certificate to the mortgage showing the acknowledgment to have been taken in Mobile county, Alabama. The signature being attested, the mortgage may have been completely executed out of the State and before acknowledgment though on the same day. In this respect the mortgage is unlike that considered in *Sullivan v. Vernon*,

*supra,* which was held to have been executed in Alabama.

As to the constitutional and statutory requirements of foreign corporations doing business in this State respecting the designation of a known place of business and of an authorized agent thereat the bill as amended shows a compliance. The designation in the certificate filed with the secretary of state of the city of Mobile was sufficiently definite as to the place of business without naming a particular place in that city.—*McLeod v. Mortgage Co.,* 100 Ala. 496. None of those provisions, constitutional or statutory, apply to the bringing and prosecution of a suit. Such acts do not constitute the doing of business within the meaning of the law.—*McCall v. Mortgage Co.,* 99 Ala. 427.

3. While most of the general provisions of the Code conferring powers upon building and loan associations are applicable only to those organized under our statutes, there is no law prohibiting foreign associations of that character to do business here within their chartered powers, subject to the restrictions imposed by law, but the right to do so is recognized by our laws, and by decisions of this court.—*Falls v. U. S. Savings, Loan & Building Co.,* 97 Ala. 417.

4. In this State it has long been settled that the defense of usury is personal to those bound upon the borrowing contract and cannot be availed of by persons other than the debtor, his legal representatives or in some cases affecting the title of land descended, by his heir at law.—*Cook v. Dyer,* 3 Ala. 644; *Fenno v. Sayre,* Ib. 458; *Harbison v. Harrell,* 19 Ala. 753; *Gray v. Brown* 22 Ala. 262; *Cain v. Gimon,* 36 Ala. 168; *Baskins v. Calhoun,* 45 Ala. 582; *McGuire v. Van Pelt,* 55 Ala. 344; *Griel v. Lehman,* 59 Ala. 419; *Butts v. Broughton,* 72 Ala. 294; *Moses Bros. v. The Association,* 100 Ala. 465.

That one standing like the defendant in this case in the relation of a purchaser of mortgaged property cannot have the mortgage debt reduced for usury was expressly ruled in the cases of *Harbison v. Harrell, Cain v. Gimon* and *McGuire v. Van Pelt supra.*

5. Any recourse to the remedies attempted to be provided by the terms of the bond and mortgage for obtaining judgment thereon was prevented by the death of the

mortgagor; but apart from that fact those remedies were not exclusive of the usual jurisdiction of chancery to foreclose the mortgage. It has been often held in the analogous case where a power to sell the mortgaged premises for the payment of the debt secured was contained in the mortgage, that such power does not prejudice the remedy in equity.—*Vaughan v. Marable*, 64 Ala. 60; *McGowan v. Br. Bank*, 7 Ala. 823; *Carradine v. O'Connor*, 21 Ala. 573.

6. The particular description in the mortgage of the mortgaged premises appears definite and certain and governs the general reference to the land as being in the city of Mobile so that such general reference can be treated as surplusage.

7. The stipulation here for attorney's fees is not for collecting generally the debt secured but is only for its inclusion in such judgment as might be obtained in the particular mode and in the exercise of the particular power expressed in the bond and mortgage as compensation for collecting in the manner these prescribed. The allowance of such fees as a part of the secured debt is dependent upon the agreement of the contracting parties within the terms of which the claim for fees must fall. *Thomas v. Jones*, 84 Ala. 302; *Bedell v. Mortgage Co.*, 91 Ala. 325; *Am. Freehold Land Mort. Co. v. McCall*, 96 Ala. 200.. The claim for counsel fees however appears to have been abandoned since the amendment to the bill struck out the prayer for their allowance.

8. The foreclosure is sought by sale of the mortgaged premises and the application of the proceeds to the debt secured and it is not shown by the bill that the estate of the deceased mortgagor is not liable upon the bond so secured for any balance which the land may be insufficient to pay or that such balance could not for any reason be collected from the assets of the estate. In the absence of averments to negative such liability it appears that the personal representative of that estate is a necessary party to the suit that there may be an accounting with him as to the amount of the mortgage debt, to the end that the estate may be availed of any defenses which may exist either to the principal or the interest thereon.—*Dooley v. Villalonga*, 61 Ala. 129; *Wilkins & Hall*

1898.]	OF ALABAMA.	485

[Kilgore v Redmill.]

*v. Wilkins,* 4 Ala. 245. The necessity for such party is identical with that existing in similar suits where the mortgagor dies without conveying his interest in the mortgaged premises. Such were the cases of *McCall v. McCurdy,* 69 Ala. 65, and *Boyle v. Williams,* 72 Ala. 351, wherein the same rule was enforced.

In the decree of the chancery court there was error alone in not sustaining the demurrer to the whole bill for the absence as a party thereto of the personal representative of the deceased mortgagor. The decree thereon will be reversed and a decree will be here rendered sustaining the demurrer upon the ground stated, to the whole bill. In all things else the decree of the chancery court will be affirmed. Appellee will pay the costs accruing upon the appeal in this court and in the chancery court.

Reversed and rendered in part and in part affirmed.