# Louisville & Nashville Railroad Company v. Miller.

*Action against Railroad Company, for Damages caused by Fire.*

1. *Complaint alleging negligence causing damage to property by fire; correspondence between averment and proof of negligence.*—Under a complaint against a railroad company claiming damages, "caused by fire from the engines operated by the defendant,    *    *    whereby plaintiff's" property "was destroyed,—all caused by the negligence of the defendant," a recovery may be had upon proof of whatever negligence of the defendant caused the fire to start and damage plaintiff's property, whether such negligence was in respect of the condition or operation of the engine,or consisted in the defendant allowing combustible material to remain upon its roadway,so that a fire might be started there by such sparks as inevitably escape from all engines of the kind used on railroads ; and it is not incumbent upon the plaintiff to prove that the defendant was negligent in both the respects mentioned.

2. *Discovery of fire on line of railroad, shortly after passage of train; evidence of negligence.*—In an action against a railroad company to recover damages for negligently setting fire to the plaintiff's property,a charge requested by the defendant to the effect that the fact that, on a dry, windy day, fire was discovered on the line of defendant's railroad, shortly after the passage of a train, is not of itself evidence of negligence on the part of the defendant, or that the fire o iginated from the engine, is properly refused.

3. *Evidence of negligence of railroad company in permitting combustible material to remain upon its roadway.*—The fact that a sufficient quantity of dry grass to ignite and communicate fire to adjacent property was allowed to remain on a railroad right-of-way is evidence of negligence on the part of the railroad company in allowing it to be there in such quantity.

4. *Charge failing to hypothesize material fact*—Where in a charge requested the court is asked to compare the testimony of two witnesses, and to draw a certain conclusion from the comparison for the

[Louisville & Nashville Railroad Company v. Miller.]

enlightenment of the jury, the failure of the charge to hypothesize equal means of knowledge on the part of the witnesses whose testimony the court is asked to compare is a fault sufficient to justify the court's refusal to give the charge

5. *Charge stating matter of common knowledge.*—When a fact is a matter of common knowledge it it not error for the court to instruct the jury to that effect.

6. *Explanations of writings involving contradictions of their terms are not admissable.*—Where a party offers in evidence the entries in a book kept by him it is not permissible for him to make explanations of the entries which involve contradictions of their terms.

7. *Action against railroad company to recover damages for injury by fire; when evidence of other fires is inadmissible.*—In an action against a railroad company for negligently causing damage to property by fire from its locomotive, evidence as to other fires along the line of the defendant's road was not admissible, when it appeared that such other fires occurred ten or twelve years before, and it did not appear that they occurred at or near the place of the fire of which the plaintiff complained, nor that they began on the defendant's roadway, or were caused by its engines, nor that the engines used by the defendant when such fires occurred were like the engine used at the time of the fire complained of.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

The opinion sufficiently states the pleadings in this case and the tendencies of the evidence offered by the plaintiff. The defendant introduced evidence tending to show that the engine which passed shortly before the fire was discovered was equipped with suitable appliances for preventing the escape of sparks, and that on that occasion it was being carefully handled by an experienced and competent engineer. Joseph Wheeler, an employe of the defendant, testified as to an examination of said engine by him a few days before the fire, and exhibited the original record of such examination, which was offered in evidence by the defendant. The bill of exceptions recites: "On the same sheet was the record of inspection and the repairs of other engines made that day. Across the top of said sheet at the head of one column were printed the words 'No cone.'. The record of No. 155 was not at the top of the page, but under the examination of other engines. At the top of these columns were ditto ('') marks, and on the leaf containing the record of the examination of engine No. 155, under the column marked 'no cone,' were these ditto ' " ' marks. De-

fendant thereupon asked the witness if, as a matter of fact, engine number 155 had a cone, and proposed to prove by the witness that it had. The plaintiff objected to this question. The court sustained the objection; to which the defendant then and there duly excepted. The witness stated that the record of this examination was in his handwriting. The witness was asked to explain what the words 'no cone' at the top of the columns meant, and what the ditto ' '' ' marks contained in the examination of engine No. 155 meant. The plaintiff objected to this question, the court sustained the objection, and the defendant then and there duly excepted." The defendant subsequently adduced direct testimony to the effect that engine 155 had a cone. The defendant objected to the question to the witness Wise, copied in the opinion, as irrelevant and immaterial, and excepted to the action of the court in overruling its objection, and also excepted to the court's refusal to exclude the answer to the question.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave to the jury the following written charges: (1) "Although a railroad company has the right to use fire in generating steam, yet if, by negligence in the condition of its property, which contributed to the damage by reason of such fire, such railroad is liable for any damage that may so result." (2) "A railroad has a right to use its property in the running of its trains. It has also the right to use fire to generate steam for the purpose of running its trains. But, while this is true, I charge you that the railroad must so use its property and the fire necessary for the generating of steam in such a manner as to prevent injury to adjoining property, if it can reasonably do so." (3) "If the jury should believe from the evidence that this fire was caused by sparks from the engine of the railroad company, then, though they should further find that the engine was properly equipped with improved spark arresters, and was in all respects properly managed, should the proof satisfy the jury that the railroad company failed to keep its track and right of way clean of grass, likely to be ignited by sparks, this fact, if it be a fact, will make the defendant liable for the damage resulting from the fire." (4) "It is a matter of common knowledge that, in the month of Feb-

ruary, Bermuda grass, in this latitude, is not in a green or growing state." (5) "If it be a fact shown in this case that the railroad company permitted dry grass to be and remain on its right of way, liable to be ignited by sparks from its engine, then I charge you that this fact may be looked to by the jury to determine whether the railroad company was guilty of negligence." (6) "If the jury find from the evidence that the fire was discovered immediately after the passing of an engine along the point where the fire was, then the burden of proof is cast upon defendant to show that the fire did not originate from its engine, or that its engine and property were in good order, and properly managed." (7) "If it be a fact shown in this case that the railroad company permitted dry grass to be and remain on its right of way, liable to be ignited by sparks from its engine, then I charge you that this was negligence in the railroad company." The defendant separately excepted to the court's giving each of these charges, and also separately excepted to the court's refusal to give each of the following charges, requested by it: (1) "If the jury believe the evidence, they will find for the defendant." (2) "If you believe from the evidence that the damage complained of in complainant's complaint was caused by sparks from defendant's engine, run and operated upon its said railroad, the plaintiff is not entitled to recover, if you further believe that defendant's engine was equipped with modern and well improved spark arresters, such as are used by all well regulated railroads." (3) "If you believe from the evidence that defendant used a spark arrester of an improved pattern in general use, and which, upon inspection by skilled mechanics, at or about the time of the fire mentioned, appeared to be in good condition, and that the said engine was run and handled by a competent and skilled engineer, in the ordinary manner of handling such engines, at the time and place when and where said injury occurred, then, if you further believe that said fire originated by sparks escaping through such spark arrester, the defendant company is not liable for the injury resulting from such fire, and your verdict should be for the defendant." (4) "The fact that on a dry, windy day, about the 15th of February, 1893, a fire was discovered upon the line of the defendant's roailroad, shortly after the passage of a

train propelled by engine number 155, is not of itself evidence of negligence on the part of the railroad company, or that the fire originated from sparks, or otherwise from defendant's engine." (5) "The evidence is uncontroverted that, while engine No. 155 had been in use for some years, yet it was in good condition at the time of the injury complained of." (6) "Under the evidence in this case, I charge you that if you believe said evidence that engine number 155 was properly equipped with a spark arrester of approved utility, and if you further find from the evidence that the engine was properly managed, then your verdict should be for the defendant." (7) "The bare fact that dry grass on the right of way was ignited, and thereby fire communicated to the plaintiff's property, is not of itself evidence of negligence. It is impossible to so construct or equip an engine so that no sparks will be emitted. The law does not require the performance of the impossible." (8) "If you find from the evidence that Henry Ellis testified that the engine was emitting sparks, and that Judge West and the witness Ayer testified that said engine was not emitting sparks, at the place where said injury occurred, and that each of said witnesses are equally creditable and worthy of belief, then the fact that said engine was emitting sparks at said place is not established by that measure of proof which the law requires." There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as errors the several adverse rulings of the trial court.

THOS. G. JONES, for appellant. The complaint must be construed as charging negligence only in the condition or handling of the engine, whereby sparks escaped from it; and not negligence in any other respect; or it must be treated as alleging negligence in respect to the equipment or handling of the engine, *and* negligence in allowing the road bed to be in such condition that sparks escaping from the engine and falling upon it would spread fire to adjacent property. If it be treated as alleging negligence in allowing sparks to escape from the engine, it was error to admit the evidence that there was a great deal of grass growing on the right of way.— *Louisville & Nashville R. Co. v. Reese*, 85 Ala. 497. If treated the other way, there was a variance between the

allegations and the proof.  The court erred in admitting the proof of prior fires.—Starkie on Evidence, 81; 1 Greenleaf on Evidence, §§ 54, 448; 1 Thompson on Negligence, 801; Wharton on Negligence, § 355; *Brady v. Metropolitan R. Co.*, 127 N. Y. 51; *Railroad v. Whynant*, 114 Ind. 525; *Hubbard v. Railroad*, 39 Me. 506; *Thompson v. Lakeshore R. R.*, 84 Mich. 281; 58 Wis. 339.  The mere failure to keep the right of way clear of grass is not enough to make the defendant liable.  It must be a *negligent* failure.  2 Wood's Railway Law, § 329.

No counsel appeared for appellee.

McCLELLAN, J.—The complaint in this case claims damages in the sum of one hundred and fifty dollars "caused by fire from the engines operated by the defendant, whereby said sum of $150 damages was caused by said defendant to said plaintiff by reason of said fire, whereby said plaintiff's fence was destroyed and damaged, also the well house was wholly destroyed, all caused by the negligence of defendant, and by reason of said fire said plaintiff was damaged to the amount of said sum of $150,"&c., &c., &c.  The defendant pleaded the general issue.  We do not understand the averment, such as it is, of negligence in this complaint to have reference solely to the escape of fire from defendant's engine, nor do we think the complaint can be so construed, even upon the rule requiring pleadings to be read most strongly against the pleader.  The thing which was "caused by the negligence of defendant" was the fire which is alleged to have destroyed plaintiff's fence and well house; and whether the negligence resulting in the injury complained of consisted of failure to take reasonable precautions to prevent the escape of of sparks from the engine or in allowing the track, roadbed and right of way to be in such condition in respect of dead and dry grasses upon them as that a fire might be started there by such sparks as inevitably escape from all engines of the kind used on railways in this State, and be communicated thence to adjoining lands.  The complaint, in our opinion, counts upon whatever negligence caused the fire to start and to ravage plaintiff's premises; and recovery may be had upon proof of any negligence the proximate cause of the injury, whether

it be alone in respect of the equipment of the engine for the prevention, as far as way be, of the escape of sparks, or in respect of the condition of the roadway, whereby it became ignited from fire escaping the engine negligently or not. There is no more room for saying that the plaintiff is confined to proof of negligence as to the escape of fire from the engine than for saying he is confined to proof of improper condition of the roadway; and there is no warrant in the complaint for the conclusion that if he is not confined to the former, then he must be held to have charged negligence in both respects jointly, and put to proof of this double sort of causation. Without any negligence at all on the part of the defendant as to the equipment of its engine or the manner of running it, fire confessedly might have escaped and ignited the beds of dry grass along the roadway. In such case the presence of the grass is the proximate cause of the fire, and if it was there in consequence of the defendant's negligence, the plaintiff would be entitled to recover, if he proved his case in other particulars. It is indeed because of the fact that fire will escape from the best equipped and most prudently operated locomotives in sufficient qualities to ignite combustible material along the track that the duty of keeping the roadway reasonably free from such material is imposed upon railway companies; and, as was said by the Virginia court, "the removal of inflammable matter from the line of the railroad track is quite as much a means of preventing fires to adjoining lands as the employment of the most improved and best constructed machinery." *Richmond & Danville R. R. Co. v. Medley*, 75 Va. 499, s. c. 7 Am. & Eng. R. R. Cases, 495.

There was evidence that dry grass was allowed to remain on defendant's roadway opposite plaintiff's property, that this ignited and communicated the fire to plaintiff's land, where it burned his fence and well house. There was evidence also that this fire was discovered on the roadway immediately after engine No. 155 had passed along there, and that said engine was emitting sparks. There was also some evidence tending to show that this engine was not properly equipped with appliances for preventing the escape of sparks which would be likely to ignite combustible material along the road, the memorandum of its last inspection

before the fire showing that it had no cone, and it being shown that a cone is part of the appliances used for that purpose, its particular office being, it seems, to crush lighted cinders into particles so small that if they escape they are extinguished before falling, or, in any event as to that, they are not likely to produce fires. On this state of facts, with our understanding of the the charge of negligence contained in the complaint, we are of opinion that the trial court did not err in refusing charges 1, 2, 3, 5, and 6 requested by the defendant, all which proceeded on the grounds either that the negligence charged had reference only to the emission of sparks by the engine, or that it was upon plaintiff to prove negligence both in respect of the equipment or management of the engine and in leaving dry grass on the roadway, or that there was no evidence that the engine was not properly equipped with spark arresting appliances, &c.

Charge 4 of defendant's series asserts the same proposition in substance that was asserted by charge 4 requested by the defendant in *Louisville & Nashville R. Co. v. Reese*, 85 Ala. 497, which was there held to have been properly refused; and upon that authority we reach the same conclusion in respect of this charge in the present case.

We do not doubt that the bare fact that there was sufficient dry grass allowed to remain on the right of way for ignition and communication of the fire to adjacent property was evidence of negligence on the part of the defendant in allowing it to be there in such quantity. Charge 7 was, therefore, properly refused to the defendant

A fault of charge 8 sufficient to justify the court's refusal of it lies in its failure to hypothesize equal means of knowledge on the part of the witnesses whose testimony the court is asked to compare, and to draw a certain conclusion from the comparison for the enlightenment of the jury.

The charges given for the plaintiff are all in consonance with the view of the law we have indicated. It is common knowledge that in the latitude of Morgan county, where this fire occurred, Bermuda grass is not in a green and growing state in the month of February. If, as the evidence tends to show, there was sufficient

quantity of this grass on the roadway of the defendant at that time be ignited by sparks from passing engines and to communicate the fire thus started to adjoining lands, it was negligence of the defendant not to have removed it in the three or four months during which it must have been there in a dry and combustible state. We can not agree with counsel that the fact that such dead grass may at times during the fall and winter be wet from rains, and hence incombustible, can at all excuse the failure of the company to remove it, for only a day or two of dry weather after even prolonged rains is quite sufficient to restore its combustibility ; and it is, we think, a clear misconception of the measure of the company's duty to impute negligence to in this respect only for failing to remove the grass after a dry period has set in. Even in winter, and especially in the fall, such periods with us are the rule rather than the exception, and the duty of railway companies must be measured accordingly. The court did no err in giving any of the charges requested by plaintiff.

The court allowed defendant to adduce direct testimony to the effect that in point of fact engine 155 had a cone, notwithstanding the reports of inspection to the contrary. This was all the defendant was entitled to in this connection. There was nothing to explain about the "marks opposite this engine in the column of the report headed 'no cone,' " unless it be allowable to show that "ditto" does not mean ditto, that the marks as here used do not mean ditto, or the same as the item or items next above them, and that the words "no cone" in describing the condition of an engine mean that it has a cone, which it clearly does not.

The court, however, erred in allowing the plaintiff to propound to the witness Wise this question : "State whether or not you have had any fence or any property burned by the railroad," and also in allowing the answer : "I had some fences burned once or twice. Supposed to have been done by the L. & N. R. R. Co. They were right along by the railroad," to go to the jury. It is not hypothesized in this question, nor does it appear by the answer, that the fires inquired and testified about occurred near the time of the fire alleged to have damaged the plaintiff, nor at or near the same place, nor that it caught from sparks emitted by the

[Louisville & Nashville Railroad Company v. Malone.]

engine or from an engine at all, nor that the engines were like the one used on this occason, nor that the fire began on the roadway and spread to witness' property, nor indeed that any of the circumstances of this fire were present on the occasion of the other. And this witness' further testimony showed that these fires occurred ten or twelve years before the fire involved in this suit. This testimony, moreover, does not even tend to show that these long ago fires were caused by the railroad company. We are unable to see how this testimony could have afforded any legitimate inference pertinent to this case, yet it might, and probably did, have some undue influence with the jury in determining whether the defendant caused the fire here under inquiry· See authorities cited by appellant's counsel.

For the error committed in allowing this testimony to go to the jury, the judgment of the circuit court must be reversed. The cause is remanded.