## SOUTHERN RY. CO. v. BLUNT & WARD.

(Circuit Court, S. D. Alabama. July 30, 1907.)

### No. 1,282.

1. RAILROADS—CONTRACT GRANTING RIGHT TO BUILD SHIPPING PLATFORM— VALIDITY.

A contract by a railroad company, granting the right to another to build a platform on its right of way from which to load cotton for shipment over its lines on condition that the builder shall indemnify it against any loss or damage it may sustain by reason of such structure, is not contrary to the public policy of the state of Alabama.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, § 182.]

2. CONTRACTS—PRESUMPTION OF CONSIDERATION—ALABAMA STATUTE.

Under Code Ala. 1896, § 1800, every written contract made the basis of a suit is presumed to have been made on a sufficient consideration, and the burden of impeaching such consideration rests upon the defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 404.]

At Law. On demurrers to complaint.

Pettus, Jeffries & Pettus, for plaintiff.
De Graffenried & Evins and Thomas E. Knight, for defendants.

TOULMIN, District Judge. The questions raised by the demurrers, which go to the substance and maintenance of the action, are: First. Is the contract on which this suit is based in contravention of public policy, and therefore void? Second. Is it without consideration?

The contention of counsel for defendants is that the contract is against the public policy of this state, and public policy generally. Contracts against public policy are divided into several classes—among

others, contracts to offend against the laws and public duty. Kellogg v. Larkin, 3 Pin. (Wis.) 123, 56 Am. Dec. 164. If the contract in question is objectionable at all, it must be as a "contract to offend against the laws and public duty." The public policy of the nation or state must be determined by its Constitution, laws, and judicial decisions. U. S. v. Trans-Mis. Freight Ass'n, 58 Fed. 69, 7 C. C. A. 15, 24 L. R. A. 73; Swann v. Swann (C. C.) 21 Fed. 299; Hartford Fire Ins. Co. v. Chicago, M. & St. P. Ry. Co., 70 Fed. 201, 17 C. C. A. 62, 30 L. R. A. 193; same case 175 U. S. 91, 20 Sup. Ct. 33, 44 L. Ed. 84. What is there in the Constitution, laws, and judicial decisions of this state establishing or recognizing a public policy hostile to the enforcement of this contract? My attention has not been called to any provision of the Constitution against which this contract offends, or to any provision prescribing any public duty, the performance of which is abandoned or sought to be avoided by the contract, and I know of none.

But the contention of counsel is that the statute of the state provides that "a railroad company is liable for all damages done to persons, * * * or for any negligence on the part of such company or its agents," and cites section 3443 of the Code of Alabama of 1896; and their contention, further, is that, the Supreme Court of Alabama having decided that it was negligent for a railroad company to allow dry grass or other inflammable material on its track or roadway, it is plain that, when the plaintiff contracted with the defendants for the construction of a platform on its right of way, it contracted to do something which the statute had expressly forbidden under penalty. The substance of the argument in support of this contention is that, inasmuch as the platform was to be used for shipping cotton over the lines of the plaintiff's railroad, and inasmuch as cotton is known to be a highly inflammable material, the contract in question was clearly an offense against the statute referred to, and the public policy of the state, as evinced by the decision in the case of L. & N. R. R. v. Miller, 109 Ala. 500, 19 South. 989.

I know that section 3443, Code Ala. 1896, provides that a railroad company is liable for all damages done to persons or property, resulting from failure to comply with the requirements of certain sections of the Code, or for any negligence on the part of such company or its agents. The sections referred to in section 3443 are regulations affecting public safety, but have no application to the burdening or use of the right of way of railroads with structures or otherwise, and no penalty is prescribed in section 3443 or the other sections mentioned. I am not aware of any statute of the state which forbids, under penalty, a railroad company from building, or granting the right to another to build, a platform on its right of way from which to ship cotton over its lines. I am aware that the Supreme Court of Alabama, in the case cited (109 Ala. 500, 19 South. 989) has held that, as fire will escape from locomotive engines in sufficient quantities to ignite combustible material along the track or roadway of a railroad company, if dry grass or other combustible material was on such roadway in consequence of the railroad company's negligence, any person suffering damage therefrom would be entitled to recover if he proved his case in

155 F.—32

other particulars. In that case it was found as a fact that the railroad was in that instance guilty of negligence in allowing the combustible material to be on the roadway.

If I understand these propositions of counsel I am inclined to think they are mistaken in the contention that there is a statute in this state which forbids under penalty the making of such a contract as the one under consideration. Moreover, there is nothing in this contract which attempts to relieve the plaintiff from liability in a case like that cited from 109 Ala. 500, 19 South. 989. The contract here in question, as I construe it, does not disable the plaintiff from the performance of the functions pertaining to the exercise of its powers granted by its franchise. The plaintiff does not by the contract abandon or attempt to abandon the discharge of any of its duties or liabilities to the public; nor did it assume by the contract to relieve itself of any liability or essential duty, as a common carrier, under the statute of the state or at common law.

In answer to the argument of counsel that "anything, the tendency of which would be to cause a relaxation of the highest degree of care and diligence in a common carrier, is therefore * * * in contravention of the general policy of the law," I cite the case of S. C. & G. R. Co. v. Carolina, C. G. & C. Ry. Co., 93 Fed. 560, 35 C. C. A. 441, where the court said:

"It is not enough to avoid a carrier's contract, as in contravention of public policy, to show that because he is protected from loss he may be tempted to violate his duty to the public." Phœnix Ins. Co. v. Erie Trans. Co., 117 U. S. 324, 6 Sup. Ct. 750, 29 L. Ed. 873; Carolina Ins. Co. v. Union Com. Co., 133 U. S. 415, 10 Sup. Ct. 365, 33 L. Ed. 730.

"Before the court should determine a contract to be void as contravening public policy, where the contract is made in good faith and stipulates for nothing that is malum in se or malum prohibitum, it should be satisfied that the advantage to accrue to the public for so holding is certain and substantial, not theoretical or problematical." Kellogg v. Larkin, 3 Pin. (Wis.) 123, 56 Am. Dec. 164.

"The true rule of construction is that illegality is not to be presumed, but the contract is to be assumed to have been made in good faith for the purpose which appears on the face of it, and not colorably for any other." U. S. v. Trans-Mis. Freight Ass'n, 58 Fed. 78, 7 C. C. A. 15, 24 L. R. A. 73.

"The burden is on the party who seeks to put a restraint upon the freedom of contract to make it plainly and obviously clear that the contract is against the public policy of the state or nation." U. S. v. Trans-Mis. Freight Ass'n, supra; Hartford Fire Ins. Co. v. Chicago, M. & St. P. Ry. Co., 70 Fed. 201, 17 C. C. A. 62, 30 L. R. A. 193; same case 175 U. S. 91, 20 Sup. Ct. 33, 44 L. Ed. 84.

"The contract ought not to be declared void on the ground of adverse public policy, unless it clearly appears that there is a recognized or established public policy touching the subject-matter, which will be violated if the contract is enforced." Hartford Fire Ins. Co. v. Chicago, M. & St. P. Ry. Co., supra.

The contract here stipulates for nothing malum in se or malum prohibitum; and it does not appear clear to me that there is in this state a recognized or established public policy touching the case presented on the record now before the court. No court ought to refuse its aid to enforce such a contract on doubtful and uncertain grounds. Authorities cited supra.

Second. Is the contract without consideration? "A valuable con-

sideration, however small or nominal if given or stipulated for in good faith, is, in the absence of fraud, sufficient to support an action on any contract. This is equally true as to contracts of guaranty as to others." Lawrence v. McCalmont, 2 How. 426, 11 L. Ed. 326; Davis v. Wells, 14 Otto, 168, 26 L. Ed. 686. The sufficiency of a consideration to support a contract rests in the judgment of the parties; and if in contemplation of law it is of any value, in the absence of fraud or duress, the contract will be enforced. Bolling v. Munchus, 65 Ala. 558; Lawrence v. McCalmont, supra.

I think it may be concluded from the complaint that the platform was built for the convenience and benefit of the defendants to be used in the shipment of their cotton, and other cotton placed with them for shipment, over the plaintiff's lines of railroad. The right was given by plaintiff to defendants to build the platform on its premises or right of way in consideration of defendants' agreeing to indemnify, or in effect to insure, the plaintiff against any loss or damage it might sustain by reason of the platform being built at that place. However this may be, the Alabama statute declares that every contract in writing, the foundation of a suit, is evidence that the party undertook to perform the duty for which it was given, and that it was made on sufficient consideration. It may be impeached by plea, and, when so impeached, the burden of proof is on the defendant. Code Ala. of 1896, § 1800; Bolling v. Munchus, supra.

I am of opinion that, on reason and authority, the demurrers to the complaint on the grounds hereinabove discussed are not well taken, and that they should be overruled, and that the demurrers as to matters of form are also untenable, and should be overruled.

It is so ordered.